Memorandum. The appellant County of Westchester is precluded from asserting its defenses of illegality and irregularity as to the Town of Harrison’s correction of its assessment rolls, not because it failed to plead them in its answer but because its exclusive remedy to challenge the correction is found in section 557 of the Westchester County Administrative Code. (Lewis v. City of Lockport, 276 N. Y. 336 [1938]; Dun & Bradstreet v. City of New York, 276 N. Y. 198 [1937].) Moreover, we agree with the Appellate Division that the allegations of illegality and irregularity are without merit and present no triable issue- of fact. However, section 3-a of the General Municipal Law, which in most instances limits the allowable post-judgment interest rate to 3% on accrued claims or judgments against a municipal corporation, is inapplicable to the present proceeding instituted to recover a judgment based upon unpaid taxes. (See Westchester County Administrative Code, §§ 542, 558.) In accordance with the views expressed in the dissenting memorandum in the Appellate Division, the order should be modified, without costs, to allow post-judgment interest at the rate of 12% as authorized by the Westchester County Administrative Code.
Chief Judge Desmond and Judges Fuld, Van .Vqorhis, Burke, Scileppi, Bergen and Heating concur,
Order modified in accordance with the memorandum herein, and, as so modified, affirmed, without costs.