■ Mid-Town Tennis Club of Rochester, Appellant, v City of Rochester, Respondent.—Judgment (denominated "order" [see CPLR 411]) unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment dismissing its petition in a special proceeding instituted under CPLR article 4 in which it seeks judgment correcting the tax assessment made by respondent on petitioner's property on Gould Street, identified by tax account No. 69544.07. The dismissal was granted on respondent's motion under CPLR 404. Petitioner alleges that in August, 1973 respondent's tax assessor notified it by mail that its assessment for the tax year 1974–1975 would be increased to $21,820, to which petitioner made no objection. The notice of increased assessment carried the notation that it was sent to assure that owners would be informed of tax assessment increases, but that neither failure of the assessor to give the notice nor the fact that a taxpayer did not receive it would affect the validity of the increased assessment. The moving papers show that at that time the petitioner was in the process of constructing improvements on its property and that the tax status date for 1974–1975 tax assessment closed on October 1, 1973. At the later date

respondent's assessor reviewed petitioner's property and made a partial assessment thereon in the amount of $177,000, and a notice thereof was sent to petitioner. It appears that when respondent gave petitioner the August, 1973 notice by mail, above mentioned, it was returned because of erroneous address, and respondent sent it to a corrected address, at which petitioner received it. The notice sent in October, 1973 of the increased assessment was mailed by respondent to the same address at which petitioner received the prior notice; but petitioner asserts that it did not receive it. In accordance with its usual procedure, on November 1, 1973 respondent published notices of dates on which taxpayers could examine the tentative assessment rolls and a later date in December, 1973 for presenting grievances to the Board of Assessment Review (see Rochester City Charter, §§ 6-91, 6-131); but petitioner did not appear to protest. In March, 1974 the assessor delivered his amended assessment roll to the city council, which confirmed it on April 23, 1974; and on April 29, 1974 the city clerk duly published notice thereof. Taxpayers had 30 days thereafter in which to initiate judicial review procedures (Real Property Tax Law, § 702). Petitioner took no action in the matter until after it received its tax bill in August, 1974 based upon the $177,000 assessment. In its petition herein petitioner alleges that it was lulled into inaction because of the notice which it received in August, 1973 that its assessment would be $21,820; and petitioner contends that if CPLR article 4 is an improper proceeding, Special Term should have converted it under CPLR 103 (subd [c]) into an action in equity to correct the assessment. We hold that Special Term properly dismissed the petition. Public policy and the law providing for publication of notices, duly given herein, of the times for taxpayers to inspect the assessment rolls and to protest tax assessments forbid application against respondent of the doctrine of estoppel in this case (but, cf., *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; and, see, Farrell, Civil Practice, 28 Syracuse L Rev 379, 380). Clearly, the assessor had jurisdiction to levy the assessment and it was a lawful assessment. Article 7 of the Real Property Tax Law is the sole vehicle for reviewing such assessment (Real Property Tax Law, § 700; 1 Weinstein-Korn-Miller, NY Civ Prac, par 401.03). The law specifies how taxpayers may inform themselves and may be informed of changes in tax assessments and protect their interests (see Real Property Tax Law, §§ 702, 704, 706; Rochester City Charter, §§ 6-91, 6-131), and no greater burden may be imposed upon the taxing authority. Since the assessor had jurisdiction to make the assessment, no action collaterally attacking it may be entertained *(Sikora Realty Corp. v City of New York,* 262 NY 312; *People ex rel. N.Y. & Harlem R.R. Co. v Board of Taxes & Assessments,* 166 NY 154; *United States Trust Co. of N.Y. v Mayor, Aldermen & Commonality of City of N.Y.,* 144 NY 488, 492; *Town of Harrison v County of Westchester,* 25 AD2d 759, mod on other grounds, 18 NY2d 876; *Matter of Alwalt Realty Corp. v Boyland,* 5 Misc 2d 1061, app dsmd 4 AD2d 940). (Appeal from judgment of Monroe Supreme Court—tax assessment.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.