■ RICHARD SAMUELS et al., Appellants, v TOWN OF CLARKSON, Respondent, et al., Defendant. (Appeal No. 1.) — Order unanimously affirmed, without

costs. Memorandum: Plaintiffs instituted an action against the Town of Clarkson (Town) seeking damages for monetary losses alleged to have been sustained as a result of negligent and/or willful acts by the Town in appraising and reassessing their real property. It is asserted that this claim is separate and distinct from one for review of an assessment of real property or a declaratory judgment action that the taxes were illegal. They maintain that the validity and legality of the underlying assessment is collateral or incidental to the central damage issue. However, any recovery on the part of plaintiffs would have to be founded upon a determination of the illegality of the tax or upon an excessive assessment of the subject property. It is well established that unless it is asserted that the taxing authority acted entirely without jurisdiction or that the tax itself is unconstitutional, the sole vehicle for review of a tax assessment is pursuant to article 7 of the Real Property Tax Law (*Cablevision Systems Dev. Co. v Board of Assessors of County of Nassau*, 69 AD2d 828, affd 49 NY2d 866; *Mid-Town Tennis Club of Rochester v City of Rochester*, 57 AD2d 1067). Plaintiffs make no allegation that the tax was improper or unconstitutional, and neither do they allege that the property was outside the jurisdiction of the Town of Clarkson. Article 7 of the Real Property Tax Law provides that a proceeding to review an assessment shall be brought at a Special Term of the Supreme Court in the judicial district in which the assessment to be reviewed was made (§ 702, subd 1). Such a proceeding must be commenced within 30 days after completion and filing of the assessment roll containing such assessment (§ 702, subd 2). Having received notice, plaintiff had an available remedy to review all defects, even jurisdictional, but such action had to be commenced within the statutory limit or not at all (*Oak Hill Country Club v Town of Pittsford*, 264 NY 133). Where the assessors have jurisdiction of the property for assessment, the statutory method provided for review must be pursued and collateral attack by other actions will not be permitted (*Buffalo Hebrew Christian Mission v City of Syracuse*, 33 AD2d 152, 156). Mere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve plaintiffs of the obligation to pursue their relief via the provisions of article 7 of the Real Property Tax Law (*Matter of Bertholf v Cisco*, 72 Misc 2d 901, 906, affd 45 AD2d 787). (Appeal from order of Supreme Court, Monroe County, Patlow, J. — dismiss action.) Present — Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.