In the Matter of ROBERT W. WOOD, Respondent, v RAYMOND D. CORDELLO, as Controller of the County of Monroe, et al., Appellants, and NEW YORK STATE OFFICE OF COURT ADMINISTRATION et al., Respondents. — Judgment unanimously reversed, without costs, and petition dismissed; order unanimously dismissed as moot. Memorandum: The County of Monroe and its controller, Raymond D. Cordello, appeal from a judgment in this CPLR article 78 proceeding which directs the county to approve and pay vouchers submitted by petitioner for his services as guardian ad litem appointed by order of Monroe County Family Court. Petitioner asserts that court personnel advised him at the time of his appointment to submit bills for his services to the County of Monroe on its claim voucher form; that Family Court supplied such forms to

him; and that between April, 1980 and August, 1980 he submitted vouchers to the county which had been approved by a Family Court Judge for services performed from September, 1979 to April, 1980. Although the county honored and paid vouchers received prior to April 1, 1980, it refused to pay the vouchers submitted after that date. Special Term found after oral argument that the statutory scheme under section 39 of the Judiciary Law (effective April 1, 1980) contemplates that the State, and not the county, be responsible for the cost of guardian ad litem services and that there is no inherent power or statutory authority for Special Term to compel the county to make the requested payments. Special Term, however, directed the county to audit and to pay petitioner's vouchers, finding that the county, by reason of its conduct, is estopped from asserting that it lacks authority to make such payments. We disagree with this result. No obligation or authority exists under the law for the payments in question and the courts have no inherent power to direct such payments. "[T]he power to grant allowances to guardians is the creature of statute, and * * * the Legislature had seen fit to limit its grant of such power." (*Livingston v Ward,* 248 NY 193, 194.) Family Court is mandated to appoint Law Guardians at State expense to represent minors who are the subject of certain Family Court proceedings and may appoint a Law Guardian to represent the child in any other proceeding in which the court has jurisdiction (see Family Ct Act, §§ 248, 249). Although isolated references are made to guardians ad litem in the Family Court Act, e.g., section 1042, the power to appoint such guardian to appear for an infant in a court proceeding is found in CPLR 1201. Compensation of a guardian ad litem is provided for by CPLR 1204 which permits the court to "allow a guardian ad litem a reasonable compensation for his services to be paid in whole or part by any other party". In this case, although it appears that petitioner was properly appointed a guardian ad litem, the provisions of CPLR 1204 were not complied with and no order allowing payment by the county was made. Indeed, no claim is made on this appeal that the procedural requirements of this section have been satisfied. In this context the provisions of the Judiciary Law, examined by Special Term, are irrelevant. Without statutory authority or an appropriate order the county properly refused to pay the vouchers. Moreover, the County of Monroe is exempt from the application of the doctrine of equitable estoppel when acting in its governmental capacity (*Granada Bldgs. v City of Kingston,* 58 NY2d 705; *Public Improvements v Board of Educ.,* 56 NY2d 850, 852; see, also, 21 NY Jur, Estoppel, Ratification, and Waiver, §§ 77, 78). Estoppel "may not be invoked to prevent a municipality from disclaiming the unauthorized or unlawful acts of its employees and thereby give vitality to otherwise illegal conduct". (*Matter of Moritz v Board of Educ.,* 60 AD2d 161, 166.) The doctrine may be applied in certain unusual factual situations "when failure to do so would operate to defeat a right legally and rightfully obtained. It cannot operate to create a right". (*Matter of Hauben v Goldin,* 74 AD2d 804, 805.) Petitioner has asserted no existing right to be protected and payment of the guardian ad litem vouchers here would be an unauthorized and illegal act. In any event, petitioner has not established the essential elements necessary to invoke the doctrine of estoppel (see 21 NY Jur, Estoppel, Ratification, and Waiver, §§ 21, 23, 60). Whether Special Term properly denied the county's motion to renew pursuant to CPLR 2221 has become moot in view of the foregoing determination. (Appeal from judgment and order of Supreme Court, Monroe County, Patlow, J. — art 78.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.