■ COUNTY OF ERIE, Appellant, v CARLTON N. DANITZ, as Former Assessor of the Town of Clarence, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: The County of Erie (County), by petition pursuant to CPLR article 78, seeks to annul respondent's 1982-1983 tax assessment of certain real property known as the Eastern Hills Mall. The owner of the mall challenged the tax assessments for the years 1972-1981 in a tax certiorari proceeding (Real Property Tax Law, art 7). An agreement was reached between the respondent and the owner which reduced the 1981-1982 assessment of $4,000,000 to $2,900,000 for the year 1982-1983, and fixed the assessment for the future two tax years (1984-1985) at $3,000,000 in return for the owner's promise not to seek review. The County alleged that the 1982-1983 assessment was illegal because it was based upon the settlement agreement rather than upon a uniform percentage of value (see Real Property Tax Law, § 305). ¶ The County was not authorized to bring this proceeding. It is well settled that unless it is alleged that a taxing authority acted entirely without jurisdiction, or that the tax is unconstitutional, the sole avenue to review the tax assess-

ment is pursuant to article 7 of the Real Property Tax Law (see *City of Mount Vernon v State Bd. of Equalization & Assessment,* 44 NY2d 960; *Sikora Realty Corp. v City of New York,* 262 NY 312; Lee & Forestier, Review and Reduction of Real Property Assessments [2d ed], §§ 3.01, 10.09). Here the County alleged, without explanation or evidentiary support, that the 1982-1983 assessment "adversely affects the fair and proportionate sharing of taxes throughout the County." We have held that "[m]ere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve plaintiffs of the obligation to pursue their relief via the provisions of article 7 of the Real Property Tax Law (*Matter of Bertholf v Cisco,* 72 Misc 2d 901, 906, affd 45 AD2d 787)" (*Samuels v Town of Clarkson,* 91 AD2d 836, 837; see, also, *Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038, affd 61 NY2d 695). ¶ Accordingly, respondents' motion to dismiss the petition was properly granted. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.