■ WESTCHESTER PARK ASSOCIATES, Respondent, v DAVID UN-

MACK, as Assessor of Town of Tonawanda, et al., Appellants.—
Order unanimously reversed on the law without costs and
motion granted, in accordance with the following memoran-
dum: The exclusive remedy for judicial review of the amount
of an assessment is a tax certiorari proceeding under Real
Property Tax Law article 7 *(Niagara Mohawk Power Corp. v
City School Dist.,* 59 NY2d 262, 268). Since plaintiff does not
question defendants' jurisdiction to tax, the court erred by
concluding that plaintiff could collaterally attack the assess-
ment in a plenary action by asserting equitable estoppel as a
ground for relief *(see, Samuels v Town of Clarkson,* 91 AD2d
836, 837).

Since this action was commenced 18 months after the last
act asserted as a basis for estoppel, the complaint must also be
dismissed because it was time barred (RPTL 702 [2]; *see,
Stabile v Half Hollow Hills Cent. School Dist.,* 83 AD2d 945,
946).

Lastly, the complaint should have been dismissed for failure
to state a cause of action. Equitable estoppel cannot be in-
voked against a local government where the alleged conduct
of its employee was unauthorized or unlawful *(La Porto v
Village of Philmont,* 39 NY2d 7, 12; *Matter of Wood v Cor-
dello,* 91 AD2d 1178). An Assessor has no authority unilater-
ally to correct an assessment after filing the tentative assess-
ment roll *(Matter of Niagara Mohawk Power Corp. v Town of
Onondaga,* 63 NY2d 786, *revg on dissent of Boomer, J.,* 96
AD2d 1138). He is authorized only to transmit a verified
statement that the roll requires correction due to a clerical
error or an unlawful entry (RPTL 552 [2] [a]). Neither claim
was made here. Estoppel cannot operate to create a right
which never existed *(Matter of Wood v Cordello,* 91 AD2d
1178, 1179, *supra).*

The fact that the Assessor may have represented to plaintiff
that his 1981 assessment would be $550,000 and that, upon
filing of a tentative assessment roll containing a greater
amount, represented that he would correct the assessment and
that plaintiff need not file a grievance does not invoke an
equitable estoppel. Such representations, if made, were unau-
thorized and unlawful. (Appeals from order of Supreme Court,
Erie County, Marshall, J.—dismiss complaint.) Present—Dil-
lon, P. J., Denman, Green, Balio and Lawton, JJ.