■ In the Matter of NISKAYUNA CITIZENS UNFAIRLY TAXED et al., Appellants, v CARL CHRISTENSEN, as Assessor of the Town of Niskayuna, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 27, 1986 in Schenectady County, which dismissed petitioners' application to review tax assessments of individual petitioners' properties and declare them illegal.

On July 28, 1986, petitioners commenced this proceeding seeking review of the 1986 real property tax assessments in the Town of Niskayuna, Schenectady County. Petitioners include two real property owners and taxpayers in the town, Frank B. Mogavero and Matthew F. Mannino, along with an unincorporated association, Niskayuna Citizens Unfairly Taxed (hereinafter the association). Supreme Court dismissed the petition. The court concluded that the proceeding was incorrectly initiated by petitioners as a CPLR article 78 proceeding rather than as a proceeding pursuant to RPTL article 7. After petitioners sought reargument, the court ad-

hered to its original decision and added that the association had no standing to bring an appropriate RPTL article 7 proceeding.

Petitioners contend that their petition was legally sufficient to commence a proceeding pursuant to RPTL article 7. When a petitioner seeks to challenge an assessment upon the grounds that it is illegal, irregular, excessive or unequal, the exclusive method is a proceeding pursuant to RPTL article 7 (*Abrams v Long Is. Light. Co.*, 117 AD2d 764, *appeal dismissed* 68 NY2d 752, *lv denied* 69 NY2d 601; *County of Erie v Danitz*, 100 AD2d 725). Here, the petition complied in all respects with the requirements for commencing a proceeding pursuant to RPTL article 7. The proceeding was commenced within 30 days of the final completion and filing of the tax roll (*see,* RPTL 702). The petition set forth the grounds upon which the assessments were being challenged, alleged that timely complaints were made to the proper officers to correct the assessment, stated the injuries caused by the assessment and was duly verified by petitioners (*see,* RPTL 706). The requirements of RPTL 704 regarding the naming of respondents and the return date of the motion were complied with. Service was effectuated as required by RPTL 708. Although petitioners seek to challenge the validity of the entire assessment roll, this does not remove the proceeding from the scope of RPTL article 7 (*see, Matter of Dudley v Kerwick*, 52 NY2d 542, 550; *Matter of Hellerstein v Assessors of Town of Islip*, 37 NY2d 1). Since petitioners complied with the requirements of RPTL article 7, we conclude that it was error for Supreme Court to brand the proceeding as one pursuant to CPLR article 78 and dismiss it on that ground.

Supreme Court was correct, however, in concluding that the association lacked standing. RPTL 704 (1) provides that "[a]ny person claiming to be aggrieved by any assessment of real property upon any assessment roll may commence a proceeding under this article". A person is "aggrieved" when his " 'pecuniary interests are or may be adversely affected' " (*Matter of Big "V" Supermarkets v Assessor of Town of E. Greenbush*, 114 AD2d 726, 727, quoting *People ex rel. Bingham Operating Corp. v Eyrich*, 265 App Div 562, 565). Petitioners concede that the association neither owns any real property nor pays taxes in the town. The policies underlying the extension of standing to associations in zoning cases (*see, Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1, 6-7) do not apply here. Hence, we conclude that the association was

not aggrieved and thus does not have standing in this proceeding.

The fact that the association lacks standing does not justify dismissing the entire proceeding. Mogavero and Mannino have established that they are aggrieved individuals. The proper remedy is to merely remove the association as a party to the proceeding *(see,* CPLR 1003; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1003.01).

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed the petition as to Frank B. Mogavero and Matthew F. Mannino; petition reinstated as to these two petitioners; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.