■ In the Matter of FLORENCE RUBIN et al., Respondents, v BOARD OF ASSESSORS OF TOWN OF SHANDAKEN et al., Appellants.—Harvey, J. Appeal, by permission, from an order of the Supreme Court (Torraca, J.), entered May 9, 1990 in Ulster County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition on the ground that petitioners' exclusive remedy is under RPTL article 7.

Petitioners are the owners of 239.7 acres of nonresidential/ forest real property in the Town of Shandaken, Ulster County. In April 1989, petitioners received notice that their property had been reassessed from $54,000 to $96,000. Petitioners filed a complaint with respondent Board of Assessment Review of the Town of Shandaken (hereinafter the Board) seeking a review of their reassessment on the grounds that they had been assessed at a higher value than other properties on the Town's assessment roll and that the property should allegedly have been assessed at the State equalization rate of 72.49% applied to the full value of $400 per acre. Following a hearing before the Board, petitioners were notified that their complaint to review the assessment was denied. Petitioners then commenced this CPLR article 78 proceeding seeking to have the State equalization rate applied to their property's assessment and seeking a refund of overpayments made. Respondents moved to dismiss on the ground that petitioners' sole remedy was "to challenge the assessment by commencing a proceeding under Article 7 of the [RPTL]". Supreme Court denied the motion and respondents were granted permission to appeal to this court.

Respondents maintain that petitioners incorrectly pursued their challenge to their tax assessment by way of a CPLR article 78 proceeding. We agree. It is well settled that, unless it is asserted that the taxing authority acted without jurisdiction, or that the tax itself is unconstitutional, "the sole vehicle for review of a tax assessment is pursuant to [RPTL article 7]" *(Samuels v Town of Clarkson,* 91 AD2d 836, 837; *see,* RPTL 700 [1]; *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194, 204; *Westchester Park Assocs. v Unmack,* 123 AD2d 494, 495, *lv denied* 69 NY2d 604). Here, although Supreme Court ruled that petitioners properly brought this proceeding as one pursuant to CPLR article 78 because they alleged an illegal assessment, we cannot adopt this view. An examination of petitioners' claim reveals that, while they couch their challenge in terms of illegality, they are essentially challenging only the amount and equality of their assessment. Nowhere do they allege an illegality with respect to jurisdiction *(see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, supra,* at 204, 205). In fact, petitioners only alleged in their complaint before respondents that their assessment was unequal based on their contention that the State equalization rate should be applied to the full value of their property. Further, since the proceeding here was not commenced within the 30-day period called for in RPTL 702 (2), it is not possible for us to alternatively consider the petition as one brought pursuant to RPTL article 7.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.