■ In the Matter of BASSETT MOUNTAIN RECREATION CENTER, INC., Appellant, v TOWN OF JAY BOARD OF ASSESSORS et al., Respondents. [649 NYS2d 217] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered April 6, 1995 in Essex County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Petitioner owns 409 acres of real property in the Town of Jay, Essex County, which holds a recently constructed residential dwelling as well as a nonresidential structure. In July 1994, the subject property, including its structures, was assessed by respondent Town of Jay Board of Assessors at $4,221,500. In October 1994, petitioner challenged this assessment by way of this CPLR article 78 proceeding. Respondents answered and moved to dismiss the petition, arguing that a CPLR article 78 proceeding is an inappropriate vehicle to attack the 1994 tax assessment. Supreme Court dismissed the petition for failure to state a cause of action. Petitioner appeals.

A proceeding pursuant to RPTL article 7 was petitioner's sole remedy to challenge the 1994 tax assessment. It is well settled that unless it is asserted that the taxing authority acted without jurisdiction, that the tax itself is unconstitutional or that the method employed involving several properties is unconstitutional, the sole vehicle for review of an individual tax assessment is pursuant to RPTL article 7 (see, Matter of Averbach v Board of Assessors, 176 AD2d 1151, 1152; Matter of Rubin v Board of Assessors, 175 AD2d 494, 495; Samuels v Town of Clarkson, 91 AD2d 836, 837; see also, RPTL 706 [1]). Upon examining petitioner's claims, we find that while couched in terms of constitutional infirmity and illegality, they amount to nothing more than a challenge to the excessiveness and inequality of its 1994 tax assessment. Accordingly, a proceeding pursuant to RPTL article 7 was the exclusive means for challenging the tax assessment (see, Matter of Rubin v Board of Assessors, supra; cf., Matter of Averbach v Board of Assessors, supra; Matter of 22 Park Place Coop. v Board of Assessors, 102 AD2d 893). Since the instant proceeding was not commenced within 30 days of the July 1994 assessment (see, RPTL 702 [2]; see also, Matter of Dudley v Kerwick, 52 NY2d 542, 549), we cannot alternatively consider it as one brought pursuant to RPTL article 7. Therefore, the petition was properly dismissed.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.