■ In the Matter of BROOKLYN UNION GAS COMPANY, Appellant, v STATE BOARD OF REAL PROPERTY SERVICES, Respondent. [668 NYS2d 282] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 21, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition on the ground that there was another proceeding pending raising the same claims.

Petitioner is the owner of extensive special franchise properties (i.e., natural gas transmission lines and regulating equipment located in New York City, specifically the Counties of Kings, Queens and Richmond). On February 20, 1997, respondent issued the final special franchise full value tax assessments on each of petitioner's properties for the City's 1996 tax roll. Contending that respondent had overvalued its properties, petitioner commenced this CPLR article 78 proceeding to annul the assessments, which it alleges represents a claimed 168% increase over the previous year's assessments, for failing

to follow its own regulations by providing a depreciation allowance for functional obsolescence* as it had for the preceding five years. Petitioner also sought an order directing respondent to reestablish correct assessment values and refund excess tax payments already made.

Respondent moved pursuant to CPLR 3211 (a) (4) to dismiss the petition asserting, *inter alia*, that petitioner raised the same claim against respondent in a pending certiorari proceeding pursuant to RPTL article 7. Supreme Court agreed and dismissed the petition. Petitioner appeals.

We affirm. Courts enjoy broad discretion when considering an application pursuant to CPLR 3211 (a) (4) to dismiss an action or proceeding on the ground that another action or proceeding is pending between the same parties on the same cause of action (*see, Whitney v Whitney*, 57 NY2d 731, 732; *see also, D'Agostino v Harding*, 217 AD2d 835). Furthermore, "unless otherwise provided by law" (RPTL 700 [1]), a RPTL article 7 special proceeding remains the exclusive procedure for review of an erroneous property tax assessment (*see, Niagara Mohawk Power Corp. v City School Dist.*, 59 NY2d 262, 268; *City of Mount Vernon v State Bd. of Equalization & Assessment*, 44 NY2d 960, 962). However, where a party challenges a tax assessment as illegal, i.e., that the taxing authority exceeded its power to tax, or that the tax itself or the method employed in taxing is unconstitutional, a CPLR article 78 proceeding is appropriate (*see, Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors*, 232 AD2d 934; *Matter of Averbach v Board of Assessors*, 176 AD2d 1151, 1152), despite the pendency of a RPTL article 7 proceeding (*see, Matter of Averbach v Board of Assessors, supra*, at 1152).

Upon examining petitioner's CPLR article 78 challenge to the claimed "illegal" methodology employed by respondent, we find that it is not really a challenge to respondent's use of the particular methodology (here, the judicially approved reproduction-cost-new less depreciation method of valuing petitioner's properties [*see, Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment*, 65 NY2d 472, *cert denied* 475 US 1082]; *see, Matter of Rubin v Board of Asses-*

---

* *"Functional obsolescence* means the impairment of operating capacity or efficiency resulting in a loss in value brought about by the failure of tangible property * * * or [more importantly here] where the capacity of the tangible property exceeds reasonable anticipated demands" (9 NYCRR 197-1.1 [a] [18]). Petitioner argued before respondent that it satisfied the requirement of functional obsolescence by demonstrating that it had a capacity in its gas mains which far exceeded reasonable anticipated demands.

*sors*, 175 AD2d 494), but rather an attack on respondent's failure to follow its own rules and precedent regarding the depreciation component of that methodology by providing an allowance for functional obsolescence in the valuation of petitioner's special franchise properties.

In its RPTL article 7 petition, petitioner claims that: "In fixing and determining the full values of the Petitioner's special franchise properties, the State Board erroneously, improperly and illegally deducted from its estimated value an arbitrary, inadequate and insufficient sum for all forms of depreciation, including * * * functional obsolescence, with the result that the State Board adopted in each instance a value in excess of * * * the true valuation of each of said special franchise properties." Thus, the gravamen of the claims raised in both proceedings is that respondent failed to apply the methodology correctly with regard to the functional obsolescence component resulting in excessive individual assessments for the 1996-1997 tax year. Such a claim falls within the scope of a RPTL article 7 proceeding (*see*, *Matter of Dudley v Kerwick*, 52 NY2d 542, 548-549; *City of Mount Vernon v State Bd. of Equalization & Assessment*, 44 NY2d 960, 962, *supra*; *Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors*, 232 AD2d 934, *supra*), where petitioner has an adequate remedy by way of a refund of any tax overpayment (*see*, *Matter of Bauer v Board of Assessment Review*, 91 AD2d 1097, *appeal dismissed* 60 NY2d 585). Accordingly, Supreme Court properly dismissed the petition.

Mikoll, Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.