■ EDWIN NACHBAUR, Appellant, v ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, Respondent. [694 NYS2d 24] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 8, 1998, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

When applying a Statute of Limitations, courts look to the essence of the stated claim and not the label by which a plaintiff chooses to identify it (*Meyer v Shearson Lehman Bros.*, 211 AD2d 541, 542-543). Plaintiff's claims with respect to the two 1993 incidents are for battery, not medical malpractice, and, in any event, would be barred by the two and a half-year Statute of Limitations for medical malpractice. With respect to the 1995 incident, the occurrences of which plaintiff complains—being beaten up by defendant hospital's security personnel and detained for a long period of time—were unrelated to any course of medical treatment, and, if anything, constitute causes of action for battery and false imprisonment (*see*, Restatement [Second] of Torts §§ 18, 35). Plaintiff cannot avoid the one-year Statute of Limitations for these causes of action (CPLR 215 [3]) by arguing that there would have been no need for security personnel "but for" defendant's malpractice in refusing to refer him for physical therapy. Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.