■ In the Matter of AES SOMERSET, LLC, as Operator of Property Owned by V-KINTIGH FACILITY TRUST, Appellant, v TOWN OF SOMERSET et al., Respondents. [808 NYS2d 849]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 21, 2005. The judgment granted the motion of respondent County of Niagara to dismiss the petition to the extent that petitioner sought review of its tax assessment pursuant to CPLR article 78.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this hybrid CPLR article 78/RPTL article 7 proceeding challenging the assessment placed on petitioner's property on the 2004 tax rolls. Supreme Court properly dismissed the petition to the extent that petitioner sought review of its tax assessment pursuant to CPLR article 78. "[U]nless it is asserted that the taxing authority acted entirely without jurisdiction or that the tax itself is unconstitutional, the sole vehicle for review of a tax assessment is pursuant to [RPTL] article 7" (*Samuels v Town of Clarkson*, 91 AD2d 836, 837 [1982]; *see Matter of Cassos v King*, 15 AD3d 758 [2005]; *Matter of General Elec. Co. v MacIsaac*, 292 AD2d 689, 690-691 [2002]; *Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors*, 232 AD2d 934). Here, any recovery by petitioner "would have to be founded upon a determination of the illegality of the tax or upon an excessive" or unequal assessment of the subject property (*Samuels*, 91 AD2d at 837). Petitioner thus must pursue its relief pursuant to the provisions of RPTL article 7 despite having framed its challenge as going to "the methods employed rather than the individual evaluations" (*Samuels*, 91 AD2d at 837). The cases relied upon by petitioner, e.g., *Matter of Gray v Huonker* (305 AD2d 1081 [2003]), *Matter of Averbach v Board of Assessors of Town of Delhi* (176 AD2d 1151 [1991]) and *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach* (141 AD2d 175 [1988], *appeal dismissed* 73 NY2d 872 [1989]) are distinguishable from the case at bar (*see generally General Elec. Co.*, 292 AD2d at 690-691). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.