*243 OPINION OF THE COURT
Phillip R. Rumsey, J.
In this CPLR article 78 proceeding, petitioners, owners of recently constructed or improved homes in the Town of Vestal, challenge the propriety of the method used by respondent to calculate their assessments. Because there has not been a town-wide revaluation since 1965, properties in Vestal that have remained unchanged since that time carry assessments based on their value in 1965. In addition, Joanne McNeal, who served as Town Assessor from the mid-1970’s until January 2003, continued to calculate values for newly constructed or improved structures using a manual that established values for homes and most common improvements as of 1965 (affidavit of Joanne McNeal, dated Nov. 21, 2005, ¶¶ 7-9). Thus, until 2003, the assessment of every home in Vestal was based, in some manner, on the value of similar properties in 1965.
When respondent took office in 2003, however, he adopted a new approach, which consists of determining the actual, present-day market value of a newly built or improved home, and multiplying that amount by the current equalization rate for the town as a whole, to arrive at the assessed value. Petitioners — whose homes have been assessed using this new procedure — complain that it has resulted in their properties being assessed at a greater percentage of actual value than other, comparable homes that have not been recently built or improved. Respondents move for dismissal of the petition on several procedural grounds, including lack of personal jurisdiction, election of remedies, timeliness, failure to state a cause of action, and existence of another pending action between the parties, and also on the merits.
Petitioners do not contend, in this proceeding, that their homes are assessed at more than their actual market value (excessive assessments), that they have been assessed at a greater percentage of actual value than the average of all properties (or all residential properties) in the town (unequal assessments), or that respondent has failed to properly apply an otherwise acceptable methodology when valuing their properties. These (among others not relevant here) are the kinds of challenges that can, and should, be brought in the context of a Real Property Tax Law article 7 proceeding (see, Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors, 232 AD2d 934 [1996]; Matter of Brooklyn Union Gas Co. v State Bd. of Real Prop. Servs., 246 AD2d 898, 900 [1998]). Rather, the *244 gravamen of petitioners’ complaint is that respondent acted illegally or improperly by using a method of assessment that encompassed two entirely different procedures for determining a property’s assessed value (neither of which would necessarily be improper, if used to assess all comparable properties), creating a disparity between the assessed values of two groups of otherwise similar properties. Where, as here, “the challenge is to the [constitutionality of the] method employed in the assessment involving several properties rather than the overvaluation or undervaluation of specific properties,” a CPLR article 78 proceeding is an appropriate vehicle for obtaining judicial review (Matter of Krugman v Board of Assessors of Vil. of Atl. Beach, 141 AD2d 175, 180 [1988]; see also, Matter of Montgomery v Board of Assessment Review of Town of Union, 30 AD3d 747 [2006]; Matter of Consolidated Edison Co. of N.Y. v State Bd. of Real Prop. Servs., 255 AD2d 8, 10-11 [1999]).
Nor does the fact that some of these petitioners may also have brought claims challenging the propriety of their own assessments, on the different grounds available in a RPTL article 7 (or Small Claims Assessment Review [SCAR]) proceeding, preclude them from mounting this legally distinct challenge to the method used to reach those assessments (see, Matter of Averbach v Board of Assessors of Town of Delhi, 176 AD2d 1151, 1152 [1991]). Accordingly, respondent’s contentions that petitioners’ claims are not the proper subject of a CPLR article 78 proceeding, or that petitioners must be deemed to have elected their remedies by challenging their individual assessments on the grounds permitted by RPTL article 7 or SCAR, are not persuasive. Respondents’ argument that the proceeding was not timely brought, which is also based on their contention that it is properly viewed as an article 7 challenge, must also fail.
Turning to the merits, respondents argue that petitioners have not carried the heavy burden imposed upon those who would demonstrate an equal protection violation. Because, in respondents’ view, petitioners have not shown that the difference in assessment procedures has resulted in an unfair shifting of the tax burden to them, or that the procedure now used by respondent is itself arbitrary, capricious, or without a rational basis, they contend the petition must be dismissed. It has been held, however, that using a current market value assessment “as a basis for determining the increase in assessed value of a *245 property on which improvements have been made . . . , while similarly situated properties which have not been improved are not subject to reassessment, results in discriminatory treatment” (Matter of DeLeonardis v Assessor of City of Mount Vernon, 226 AD2d 530, 532-533 [1996]). Reassessment of properties that have been improved is not improper; indeed, it would be unfair to other property owners to continue to tax property that has been improved without taking into account the additional value added. Nor is it wrong, as a general proposition, to use current market value to determine property assessments (see, Matter of Stern v Assessor of City of Rye, 268 AD2d 482, 483 [2000]). What is unacceptable, however, is precisely what has occurred here — using one procedure, based on current market value, to assess only newly improved properties, while other, comparable properties within the assessing unit, which have not been recently improved, cariy assessments calculated by using another, more favorable method. It has been held that such a distinction between similar properties, solely on the ground that some have been recently improved, serves no legitimate governmental interest (see, Stern; DeLeonardis).
Moreover, petitioners have, in this case, submitted proof that their newly reassessed properties are assessed at a greater proportion of actual market value — and therefore that they bear a greater proportion of the tax burden — than other, comparable properties in the town (see, affidavit of John S. Miller, dated Oct. 28, 2005).
In opposition to this prima facie showing (of a disparity in method without any rational basis for the differential treatment, and a discriminatory result), respondents have tendered nothing that raises any factual question necessitating a trial. In their motion papers, respondents repeatedly refer to the standards applicable to RPTL article 7 challenges, and cases brought pursuant to that statute (see, e.g., affidavit of David S. Berger, Esq., dated Mar. 10, 2006, ¶ 11; affidavit of Peter Dziedzic, dated Mar. 10, 2006, ¶ 8), which, as noted, are not relevant to the issues raised herein.
Respondents also provide the current Assessor’s explanation of the procedure used to value petitioners’ property, and why that procedure is reasonable and accepted within the field (affidavit of Dziedzic). This misses the point, however, for petitioners do not contend that the process used to value their properties is inherently flawed or improper, merely that it yields a higher proportional assessment than those borne by other, simi *246 lar properties. Respondents have not disputed this assertion, or provided any evidence supporting a contrary conclusion.*
Accordingly, respondents’ motion for summary judgment is denied, and the petition is granted (see, Stern)-, respondents are directed to recompute petitioners’ assessments for the 2005 tax year, using the same methodology that had been used to value all residential property in the town, including newly improved and newly constructed homes, prior to 2003, to recalculate their taxes for the 2005 tax year on the basis of those assessments, and issue appropriate refunds for any overpayments that have been made. While this court is not inclined to direct respondents to carry out a comprehensive revaluation of all real property in the town, it bears noting that doing so would go a long way toward alleviating the apparent frustrations of all parties involved in this proceeding (as well as other property owners who may feel they are the subject of discriminatory treatment, but have not yet brought legal action), and that continuing to resist that obvious solution will most likely result in growing numbers of legal challenges, as it becomes more difficult to achieve the “rough equality” required of a taxing system while so many homes continue to be assessed on the basis of archaic data and a procedure which “ignoréis] the real market value” of those properties (affidavit of Dziedzic ¶ 18).

 While the return filed by respondents does contain evidence of the full market value of properties that are assertedly comparable to those belonging to petitioners, the court finds no indication of what the assessments are for those properties. Notably lacking is any proof that the assessments of petitioners’ properties are actually comparable to those of other, similarly developed parcels in the town, which might support a finding that the disparity in methods used by the assessors has not had a discriminatory impact upon petitioners. In this respect, the present proceeding is distinguishable from Montgomery (supra), wherein the Deputy Assessor expressly averred that the assessment of the Montgomery property “is consistent with the assessed value of comparable properties in the Town” (Broome County, Index No. 2004002390, affidavit of Julie Dugan, dated Dec. 9, 2004, ¶ 15), thus raising factual questions necessitating further proceedings.