OPINION OF THE COURT
David Demarest, J.
This is a special proceeding, pursuant to Civil Practice Law and Rules article 78, seeking to declare the 2007 assessment roll for the Town of Harrietstown null and void and directing that assessments of petitioners’ real property be revised. Verified answers were served by the Saranac Lake Central School District and the Village of Saranac Lake. In lieu of an answer, respondents Sandra Aery and the Town of Harrietstown move to dismiss the petition. Franklin County joins in that motion. Oral argument was heard on February 22, 2008.
Procedural Background
Prior to May 1, 2006, Aery, former assessor for the Town, performed a complete town wide revaluation pursuant to the New York Real Property Tax Law. All 3,191 discrete assessable parcels were revaluated and the 2006 final roll was certified on July 1, 2006. The New York Office of Real Property Services CORPS) assigned a 100% full value equalization rate. Many owners of waterfront properties within the town saw a dramatic rise in their assessed valuations.
In October 2006, 32 taxpayers brought a CPLR article 78 proceeding challenging the 2006 assessment roll. The Town moved for summary judgment dismissing the petition, and petitioners cross-moved for leave to file an amended petition adding many additional parties as petitioners. On July 13, 2007, the motions were before this court for oral argument and after first hearing argument on the cross motion, an oral decision was rendered denying the relief sought. The Town then offered argument in support of its motion for summary judgment and at its conclusion, counsel for the petitioners advised the petition was being withdrawn. A subsequent order dated July 18, 2007, directed that the petition was discontinued on the merits and with prejudice.
On November 30, 2006, the Town resolved to discontinue its participation in an ORPS annual revaluation plan; thus no townwide revaluation was performed for the 2007 assessment roll. As a result, the majority of properties in the town received the same assessments as they had on the 2006 roll. *313 Of the 67 assessed parcels owned by the petitioners in this proceeding, only five experienced assessment increases, four due to new construction and one due to an increase in acreage. Several had their assessments decreased after participating in the grievance process before the Board of Assessment Review.
The pending petition seeks to annul the entire 2007 assessment roll, alleging it was made in violation of law, was arbitrary and capricious and should be declared null and void. Petitioners seek an order directing that a new townwide revaluation be conducted and that any new assessment roll be applied retroactively to 2006 and that any excess taxes paid as a result of reduced assessments be refunded.
Respondent Town’s Motion to Dismiss upon the Grounds That the Petition Is Untimely
CPLR article 78 proceedings are proper in tax assessment cases only when there is a challenge to the jurisdiction of the taxing authority, the method employed in the assessment or the legality or constitutionality of the tax itself. (Matter of Cassos v King, 15 AD3d 758 [3d Dept 2005]; see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194 [1991].) Where the crux of the claim is the alleged individual overvaluation of an assessed parcel, the sole vehicle for review is a petition pursuant to Real Property Tax Law article 7. (Matter of Brooklyn Union Gas Co. v State Bd. of Real Prop. Servs., 246 AD2d 898 [3d Dept 1998]; Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors, 232 AD2d 934 [3d Dept 1996].)
Here, petitioners are challenging the methods employed by the Town in the preparation of the tax roll for 2007. The Town argues the claim is really one against the preparation of the tax roll for 2006, when the townwide revaluation took place. It was the 2006 revaluation which is the “wrong” complained of, as that is when the determination had its impact upon the petitioners. Since this proceeding was not commenced within four months of the implementation of the 2006 tax roll, it is time-barred. The Town further argues that the voluntary discontinuance of an almost identical proceeding challenging the 2006 tax roll is res judicata.
Petitioners argue that the 2007 assessment roll provides them with an opportunity to again challenge the methodology and rely upon People ex rel. Hilton v Fahrenkopf (279 NY 49 [1938]) *314 for the proposition that each annual assessment represents a de novo determination of value subject to judicial review.
A challenged determination is final and binding when it has its impact upon the petitioner who is thereby aggrieved. (Matter of Essex County v Zagata, 91 NY2d 447 [1998]; Matter of Edmead v McGuire, 67 NY2d 714 [1986]; ABC Radio Network v State of New York Dept. of Taxation & Fin., 294 AD2d 213 [1st Dept 2002].)
It is the gravamen or essence of the cause of action that determines the applicable statute of limitations. (Western Elec. Co. v Brenner, 41 NY2d 291 [1977]; Nachbaur v St. Luke’s-Roosevelt Hosp. Ctr., 263 AD2d 361 [1st Dept 1999].) The essence of the challenge in this proceeding goes to the preparation of the town wide revaluation completed in 2006. There was no “methodology” employed in the preparation of the 2007 roll, other than a review of improvements to individual parcels. The “methodology” complained of was that used by Aery in 2006. An article 78 proceeding challenging the entire assessment roll must have been brought within four months of its completion, and indeed such a challenge was timely made. Having abandoned that challenge, a review of the procedures used in reassessing all of the town’s parcels in 2006 has been lost.
Petitioners’ reliance upon People ex rel. Hilton v Fahrenkopf (279 NY 49 [1938]) is misplaced. Hilton and the other cases cited in petitioners’ memorandum of law all involve tax certiorari cases in which individual assessments were being challenged. There is no question that a judgment fixing the value of property for taxation in one year does not enjoy res judicata effect, because each assessment is a separate proceeding. (Matter of Liberty Healthcare Mgt. Group v Fahey, 257 AD2d 964 [3d Dept 1999].) Thus, each of the individual petitioners had the right to challenge the assessments in 2006 and again in 2007, as several of them have done.
To hold that a challenge to a revaluation may be timely made in each succeeding year without a townwide revaluation would mean that a municipality could be confronted with having to roll back its tax levies for many years should the challenge be successful. This would raise havoc with the municipal budgeting process. Statutes of limitations are intended to bring finality to decisions made and to ensure that a defense might be mustered without having to reach back in time.
The Town’s motion to dismiss upon the grounds that the proceeding is barred by the applicable statute of limitations *315 must be granted. In light of this decision, the remaining grounds need not be addressed.
It is therefore the decision of this court and it is hereby adjudged, the petition is, in all respects, dismissed, with costs.