# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

559
CA 12-01418
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF GENEVA GENERAL HOSPITAL,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

ASSESSOR OF TOWN OF GENEVA, TOWN OF GENEVA,
BOARD OF ASSESSMENT REVIEW OF TOWN OF GENEVA,
COUNTY OF ONTARIO AND GENEVA CITY SCHOOL
DISTRICT, RESPONDENTS-RESPONDENTS.

---

HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (PAUL T. SHEPPARD OF
COUNSEL), FOR PETITIONER-APPELLANT.

THE WOLFORD LAW FIRM LLP, ROCHESTER (LEA T. NACCA OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS ASSESSOR OF TOWN OF GENEVA, TOWN OF GENEVA AND
BOARD OF ASSESSMENT REVIEW OF TOWN OF GENEVA.

---

Appeal from an order of the Supreme Court, Steuben County (Joseph
W. Latham, A.J.), entered May 22, 2012 in a proceeding pursuant to
CPLR article 78 and RPTL article 7.  The order granted the motion of
respondents Assessor of the Town of Geneva, Town of Geneva, and Board
of Assessment Review of Town of Geneva to dismiss the proceeding.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this hybrid CPLR article 78 and
RPTL article 7 proceeding in order to challenge a 2011 property tax
assessment in which it was denied a tax exemption with respect to a
parcel of property it owns in the Town of Geneva, which property is
located in a rural area south of its main hospital.  The order
appealed from granted the motion to dismiss the amended petition made
by the Assessor of the Town of Geneva, the Town of Geneva, and the
Board of Assessment Review of the Town of Geneva (respondents).  As a
preliminary matter, we note that respondents' assertion that certain
contentions made by petitioner on appeal are unpreserved for our
review lacks merit inasmuch as those contentions were adequately
raised in Supreme Court.  Nevertheless, we conclude that the court
properly granted respondents' motion and dismissed the amended
petition.  We therefore affirm.

We reject petitioner's contention that the court erred by
dismissing its amended petition insofar as it asserted claims pursuant
to CPLR article 78.  Article 7 of the RPTL "is the exclusive procedure

for review of property [tax] assessments 'unless otherwise provided by law' " (*Niagara Mohawk Power Corp. v City Sch. Dist. of City of Troy*, 59 NY2d 262, 268, quoting RPTL 700 [1]).  Moreover, it is well settled that "proceeding[s] pursuant to CPLR article 78 [are] not the proper vehicle[s] for challenging the tax assessment[s], inasmuch as challenges to assessments on the grounds that they are illegal, irregular, excessive, or unequal[ ] are to be made in a certiorari proceeding under RPTL article 7" (*Matter of ViaHealth of Wayne v VanPatten*, 90 AD3d 1700, 1701 [internal quotation marks omitted]; *see Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 419, *lv denied* 83 NY2d 757).  Unless the party challenging the tax assessment is asserting that " 'the taxing authority acted entirely without jurisdiction or that the tax itself is unconstitutional,' " which is not the case here, " 'the sole vehicle for review of a tax assessment is pursuant to [RPTL] article 7' " (*Matter of AES Somerset, LLC v Town of Somerset*, 24 AD3d 1263, 1264; *see Samuels v Town of Clarkson*, 91 AD2d 836, 837; *see also County of Erie v Danitz*, 100 AD2d 725, 725-726).

Petitioner further contends that respondents could not base their denial of a tax exemption for the subject parcel on the ground that petitioner's use of the property was in violation of the existing zoning restrictions because, inter alia, it had never been cited for or given notice of a zoning violation.  We reject that contention. The fact that petitioner used the subject property for "hospital purposes" as that term is used in the RPTL is not contested (RPTL 420-a [5]).  Nevertheless, a property owner who uses its property for exempt purposes in violation of an applicable zoning law is prohibited from receiving a tax exemption pursuant to RPTL 420-a (*see Congregation Or Yosef v Town of Ramapo*, 48 AD3d 731, 732, *lv denied* 10 NY3d 711; *Matter of Colella v Board of Assessors of County of Nassau*, 266 AD2d 286, 287, *revd on other grounds* 95 NY2d 401; *see also McGann v Incorporated Vil. of Old Westbury*, 293 AD2d 581, 584, *appeal dismissed* 98 NY2d 728, *reconsideration denied* 99 NY2d 532).  It is immaterial whether petitioner had prior knowledge of the zoning violation.  " 'Tax exemptions . . . are limitations of sovereignty and are strictly construed . . . If ambiguity or uncertainty occurs, all doubt must be resolved against the exemption' " (*Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N.Y.*, 16 NY2d 222, 230; *see People v Brooklyn Garden Apts.*, 283 NY 373, 380).  Thus, a zoning violation is a bar to receiving the benefit of a tax exemption even in the absence of an administrative finding, a citation, or the property owner's knowledge of such a violation. Here, the record establishes that the subject parcel was not zoned for hospital uses in the 2011 tax year, which provided respondents with a lawful basis on which to deny petitioner a tax exemption.  We have considered petitioner's other contentions in support of its assertion that it was entitled to a property tax exemption for the subject parcel for the 2011 tax year and find them to be without merit.


Entered:  July 5, 2013                              Frances E. Cafarell
                                                    Clerk of the Court