SIKORA REALTY CORPORATION, Respondent, *v.* THE CITY
OF NEW YORK, Appellant.

(Argued June 6, 1933; decided July 11, 1933.)

*Arthur J. W. Hilly, Corporation Counsel (William H. King* and *Isaac Phillips* of counsel), for appellant.

314

*William Gilligan* for respondent.

KELLOGG, J.   This action was brought to eliminate, as a cloud on title, a portion of the taxes for the years 1925, 1926 and 1927, levied upon certain real estate situate in the borough of Queens, New York city, which was owned by the plaintiff.   The taxes levied were based upon assessments for those years which included the valuation of two buildings upon the premises, which the plaintiff claimed were entitled to exemption from local taxation, under a tax exemption ordinance, enacted by the Board of Aldermen of the city, pursuant to section 4-b of the Tax Law (Laws of 1920, ch. 949; Cons. Laws, ch. 60). Under the ordinance the buildings were entitled to exemption provided " construction " of the same was commenced " before April 1st, 1923," and " completion for occupancy " had been " effected within two years after such commencement."

The Board of Taxes and Assessments of the city of New York, for the purposes of the tax levy of the year 1925, as required by section 892 of the Greater New

York Charter (Laws of 1901, ch. 466, amd. L. 1911, ch. 455), completed its annual record of the assessed valuation of real estate within the city on the 1st day of October, 1924. Thereafter the record remained open "for public inspection, examination and correction" until November 16, 1924. The record disclosed a valuation of the plaintiff's real estate, as improved by the construction of the two buildings, without exemptions or deductions for the purposes of local taxation. On or about the 13th day of November, 1924, the plaintiff made application to the board for the allowance of such exemptions. The petition asserted that the construction of the buildings was begun on March 29, 1922; that construction was completed on May 23, 1924. Two certificates from the Superintendent of Buildings of the borough of Queens, certifying that the construction of the buildings was begun on March 29, 1922, and completed on May 1, 1924, were filed with the petition. As both the petition and the certificates showed that the buildings were not completed within two years from their commencement, the Board refused to allow the exemption. No application for a writ of certiorari to review the assessment for the year 1925 was made by the plaintiff. When the assessment rolls, completed for the taxes of 1926 and 1927, were filed, no application was made by the plaintiff to the tax board for their correction, in relation to its property, by the allowance of exemptions in respect to the buildings.

The plaintiff claims that, while the buildings had in fact been completed prior to March 29, 1924, or within two years from the commencement of construction, it was unable to present the true state of facts to the tax board since the certificate of the Superintendent of Buildings, showing that the completion had not occurred until May 1st, 1924, was conclusive. It asserts that after the lapse of several years it finally procured a mandamus order for a corrected certificate showing completion

within two years; that meanwhile the time limit for the institution of certiorari proceedings to correct the assessment had expired. In this manner, the plaintiff seeks to excuse its course in proceeding by action to have the assessments declared illegal in part, rather than by certiorari to correct them as erroneous.

The assertion of the plaintiff that it could establish the true date of the completion of the buildings, on its application to the tax board to correct the assessment, only through the certificate of the Superintendent of Buildings, is clearly without foundation. The provisions of section 4-b of the Tax Law, pursuant to which the tax exemption ordinance was passed, do make the certificate of the Superintendent of Buildings, in respect to the commencement of construction, the only proof whereby that fact may be established. They provide that " said authority shall thereupon issue to such owner or architect a certificate setting forth the date when the plans were filed with him and the date when excavation was actually commenced, which certificate shall be conclusive evidence of the date when construction was commenced, for the purpose of obtaining the benefits of this section." The section does not provide that such authority shall issue a certificate as to completion for occupation, or that such a certificate shall constitute evidence, either conclusive or rebuttable as to the date of completion of the building for the purpose of obtaining the benefits of exemption.

The plaintiff calls our attention to section 411-a of the Greater New York Charter (as amd. L. 1916, ch. 503, § 5). Subdivision 1 of that section provides: " No building hereafter erected shall be occupied or used, in whole or in part, for any purpose whatever until a certificate of occupancy therefor in such form as may be authorized by the building code and the board of standards and appeals, certifying that such building conforms to the requirements of all laws, ordinances and rules and regulations of the board of standards and

appeals applicable thereto shall have been issued by the superintendent of buildings of the borough in which such building is situated." Subdivision 5 provides that every certificate of occupancy so issued shall " be and remain binding and conclusive upon all officers, departments, commissions, board and bureaus of the city * * * as to all matters therein set forth, and no order, direction, or requirement at variance therewith shall be made or issued by any officer, department, board or bureau of the said city." It will be observed that the certificate is made necessary for no other purpose than establishing a right to begin occupation of the premises, since no building erected after the adoption of the subdivision " shall be occupied or used, in whole or in part, * * * until a certificate of occupancy " certifying that the building complies with all laws and ordinances applicable thereto " shall have been issued by the superintendent of buildings." The failure to obtain a certificate therefor may prevent occupancy; it debars the owner from no other act or proceeding in relation to his building. Certainly the acquisition of a certificate is not an essential requisite in a proceeding by the owner to obtain an exemption of his buildings from local taxation. It was not so made by the tax exemption ordinance nor by the statute pursuant to which the ordinance was enacted. Under these, so far as any prohibition is expressed, the owner might proceed to establish completion, according to the fact, by ordinary proof, regardless of the existence of a certificate.

Concededly, the land without the buildings was subject to taxation for all purposes; concededly, the property, not having received an exemption in respect to the buildings, was overvalued for the purposes of local taxation. We have shown that the tax board had full power to hear the true fact, correct the assessment and grant the exemption. We have, then, the ordinary case of an erroneous but not an illegal assessment, a case in which

the only relief is by certiorari proceedings. "If partial invalidity only is established, no case is made for the interposition of equity to remove a cloud. It is no cloud if the lien is to any extent valid." (*Heywood* v. *City of Buffalo*, 14 N. Y. 534, 542.) "Nor will the collection of a tax be restrained, which is merely erroneous and not void." (*Mercantile Nat. Bank* v. *Mayor*, 172 N. Y. 35, 48.) "Here an assessment, valid at least in part, was a cloud on the title, and a cloud of such a nature that it could not be removed except upon certiorari or by action of the assessing officers." (*People ex rel. Wessell, Nickel & Gross* v. *Craig*, 236 N. Y. 100, 104.) The general principle is so well settled that we shall not cite further authority, except two cases wherein the holdings made are peculiarly appropriate to the situation arising here.

*Weaver* v. *Devendorf* (3 Den. 117) was an action brought by a taxpayer against a board of town assessors to recover damages for an illegal assessment. The plaintiff, who was a minister of the gospel, claimed that he had not been allowed his exemption of $1,500 as such, for which a statute of the State then provided. It did not appear that the value of the property of the taxpayer was less than the sum of $1,500. Accordingly, as the property of the taxpayer was assessable in some amount, it was held that the assessors, even if they erroneously denied the exemption, acted with jurisdiction in making the assessment, and were not personally liable for a wrongful and illegal act. *Young Women's Christian Assn.* v. *City of New York* (217 App. Div. 406; 245 N. Y. 562) was an action to cancel as a cloud on title taxes on certain premises belonging to the plaintiff, on the ground that they were exempt from taxation because of their exclusive use for religious and charitable purposes. It was found that a part of the building upon the premises was used for a restaurant, which was open to the public and run for a profit, so that the building was not, as an entirety, entitled to an exemption. It was held that the building

was so entitled only to the extent of the value of that portion of the building otherwise used, and, therefore, the action did not lie. The court at the Appellate Division said: " The tax assessors having jurisdiction, the assessment was not illegal. There probably was an over-valuation by the improper inclusion of exempt property. This at most was an error in valuation and not a lack of power to assess the premises as a whole." The court followed with the sentence: "Accordingly the assessment here complained of cannot be attacked as illegal because of error in over-valuation. The only relief to the taxpayer is by certiorari proceedings as prescribed by the statute " (p. 410).

We think that in this case there was an overvaluation for the purposes of local taxation, that the tax board had the power to correct the original assessment by granting the exemptions claimed, if a proper case had been made therefor, and that as the assessment was not wholly illegal, the action does not lie to cancel or modify the assessment.

The judgment should be reversed and the complaint dismissed, with costs in all courts. (See 262 N. Y. 636.)

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment reversed, etc.