Memorandum: The evidence in this case clearly shows that the dwelling house used by the pastor of the defendant church and his family as a residence is not totally exempt from taxation under the provisions of subdivision 8 of section 4 of the Tax Law. The house was not used exclusively for carrying on the purposes of the church. The fact that some church activities were carried on in this parsonage which was the residence of the pastor does not entitle defendant church to total exemption. (See Matter of Mandelcorn v. Bruckman, 266 App. Div. 908.) The house, being used by the officiating clergyman, was entitled, at the times in question, to a partial exemption of $2,000 under subdivision 8 of section 4 of the Tax Law. The assessed valuation of the property was in excess of the exemption. No application, however, was made for such exemption and no proceedings by way of certiorari were instituted to review the assessment which was in excess of the exemption. The assessment, therefore, was not void and illegal but merely erroneous and the remedy of the defendant church was by certiorari to review. (See Weaver v. Devendorf, 3 Denio 117; Sikora Realty Corp. v. City of New York, 262 N. Y. 312.) The judgment must be reversed and the matter remitted to Erie County Court to enter judgment according to the prayer of the complaint and to proceed according to law. All concur. (The judgment determines certain taxes levied against the premises in question to be illegal, dismisses the complaint against defendant church, and awards plaintiff judgment against defendants city and county.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ.