■ CABLEVISION SYSTEMS DEVELOPMENT COMPANY, Respondent, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Appellant.—In an action, *inter alia,* to declare that certain property of the plaintiff is entitled to a partial exemption from real property taxes pursuant to section 470 of the Real Property Tax Law, defendant appeals from a judgment of the Supreme Court, Nassau County, dated March 21, 1978, which, *inter alia,* declared that so much of the plaintiff's equipment as is identical to telephone company equipment is entitled to an exemption. Judgment reversed, on the law, without costs or disbursements, and complaint dismissed. In the instant action, plaintiff seeks a judgment declaring that certain of its property, which is similar or identical to telephone company equipment, is entitled to a partial exemption from real property taxation (see Real Property Tax Law, § 470). Plaintiff alleges that defendant employed an improper "method" in assessing the property, since the assessment was based on the assumption that cable television equipment was not covered by the ceiling provisions of section 470 of the Real Property Tax Law. The complaint should have been dismissed, since a declaratory judgment action may not be brought on the facts alleged. The property in question is concededly taxable under section 102 (subd 12, par [d]) of the Real Property Tax Law. Since plaintiff does not contend that the tax assessors lacked jurisdiction over the subject property, its exclusive remedy was through the tax certiorari procedure prescribed in article 7 of the Real Property Tax Law (see *Sikora Realty Corp. v City of New York,* 262 NY 312; *Young Women's Christian Assn. v City of New York,* 217 App Div 406, affd 245 NY 562; cf. *C. H. O. B. Assoc. v Board of Assessors of County of Nassau,* 45 Misc 2d 184, affd 22 AD2d 1015,

affd 16 NY2d 779; *Zinder v Board of Assessors of County of Nassau,* 66 Misc 2d 150, affd 38 AD2d 836; and *Matter of Bertholf v Cisco,* 72 Misc 2d 901, affd 45 AD2d 787, which involved challenges to the entire tax roll). Hopkins, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.