■ JOSEPH A. STABILE et al., Respondents, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT OF HUNTINGTON AND BABYLON, Appellant, and ASSESSOR OF THE TOWN OF BABYLON, Respondent. — In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), dated April 3, 1980, which, *inter alia,* held that the petitioners' real property was exempt from taxation for the tax year 1979-1980. Matter remanded to Special Term to hear and report on the factual issues underlying the question of whether this matter was timely commenced, and appeal held in abeyance in the interim. Most of the contentions advanced by the appellant school district on the instant appeal were resolved against it by this court in *Newsday, Inc. v Town of Huntington* (82 AD2d 245). In addition, however, the school district asserts that the matter was not timely commenced. Petitioners began construction of a two-story commercial office building on the subject property in December of 1977. In 1978 petitioners applied to the Assessor of the Town of Babylon for a real property tax exemption pursuant to the provisions of section 485-b of the Real Property Tax Law. If it had been approved in its entirety, the application would have entitled the petitioners to a partial exemption from all real property taxes to the extent (in the first year) of 50% of the increase in assessed value attributable to the improvement. Action on the application was deferred to the following tax year due, apparently, to a delay in construction. On April 9, 1979 the school district, by its board, resolved pursuant to subdivision 7 of section 485-b "to deny the Real Property tax exemption provided under Chapter 278 of the laws of 1976 to any Real Property constructed, altered or improved after the date of this resolution." By letter dated May 9, 1979, the assessor informed the petitioners that, in light of the board's resolution, an abatement of school taxes "for the year 1979/80 assessment roll" would not be granted; however, such exemption would be granted "for the Town of Babylon and other districts." Petitioners then commenced the instant suit by petition and notice of petition dated October 19, 1979. By notice of motion dated November 7, 1979 the school district moved to dismiss the petition upon, *inter alia,* the ground that the proceeding had not been commenced within the four-month Statute of Limitations applicable to article 78 proceedings (CPLR 217). Special Term (Orgera, J.) denied the motion by order dated January 7, 1980. Subsequently, the petition was granted, and the school district now appeals. In applying the Statute of Limitations, the court will, of course, look to the nature of the action and not its form *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259). Petitioners have cast this matter as an article 78 proceeding. In fact, a taxpayer's exclusive remedy to redress the wrongful denial of a partial exemption is to commence a tax certiorari proceeding pursuant to the provisions of article 7 of the Real Property Tax Law *(Sikora Realty Corp. v City of New York,* 262 NY 312; cf. *Cablevision Systems Dev. Co. v Board of Assessors of County of Nassau,* 49 NY2d 866; *Young Women's Christian Assn. v City of New York,* 217 App Div 406, 410, affd 245 NY 562). It is through article 7 that taxpayers must assert instances of illegality, overvaluation, or inequality (see, generally, Lee and Le Forestier, Review and Reduction of Real Property Assessments in New York

[2d ed], § 3.01). If the assessor erroneously fails or refuses to *wholly* exempt the taxpayer's property, the resulting tax is a nullity which may be challenged in an action in equity (asserting that the void assessment is a cloud on title), in an article 78 proceeding, or in a declaratory judgment action (Lee and Le Forestier, Review and Reduction of Real Property Assessments in New York [2d ed], § 10.09). The taxing authority is said to have acted "without jurisdiction" *(Matter of State Ins. Fund v Boyland,* 282 App Div 516, 520, affd 309 NY 1009) and its determination may be attacked collaterally. If, however, only a partial exemption is claimed, the assessing officer has jurisdiction of the property in question, and collateral attack of his determination will not be permitted *(Dun & Bradstreet v City of New York,* 276 NY 198, 206). In such a case, the assessment is not wholly invalid; instead, the assessor overvalued the property by including the exempt portion *(Sikora Realty Corp. v City of New York, supra,* pp 318-319). Since the petitioners in essence seek relief afforded by article 7, they were obliged to commence this proceeding within the period of limitation set forth in subdivision 2 of section 702 which provides that an article 7 proceeding "shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment." An assessment roll is not deemed "finally completed and filed until the last day set by law for the filing of such assessment roll or until notice thereof has been given as required by law, whichever is later" (Real Property Tax Law, § 702, subd 2). The "last day set by law" for filing appears to be that supplied by section 6 of the Suffolk County Tax Act (L 1920, ch 311), i.e., September 1 *(Matter of Stevens Med. Arts Bldg. v City of Mount Vernon,* 72 AD2d 177). However, the record does not reveal the date notice was given nor its sufficiency. In addition, the court cannot precisely determine when the petitioners interposed their claim. We therefore remand the matter to Special Term. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.