■ In the Matter of Long Island University, Appellant, v Board of Assessors of the Incorporated Village of Old Westbury et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of respondents that denied petitioner's application for tax exempt status for a 65-acre parcel of real property situated in the Village of Old Westbury, the appeal is from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated April 8, 1983, which dismissed the proceeding on the ground that the exclusive remedy available to petitioner was the tax certiorari procedure of article 7 of the Real Property Tax Law.

Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith.

Although a taxpayer's exclusive remedy to redress the wrongful denial of a *partial* tax exemption is to commence a tax certiorari proceeding pursuant to the provisions of article 7 of the Real Property Tax Law (*Sikora Realty Corp. v City of New York,* 262 NY 312), where, as at bar, it is alleged that the assessor erroneously failed or refused to *wholly* exempt the taxpayer's property, the resulting tax may be challenged in an action in equity, in an article 78 proceeding, or in a declaratory judgment action (*Stabile v Half Hollow Hills Cent. School Dist.,* 83 AD2d 945; *Matter of Scarborough School Corp. v Assessor of Town of Ossining,* 97 AD2d 476; see, also, *Hewlett Assoc. v Finance Director,* 57 NY2d 356).

We, therefore, remit this proceeding to Special Term for further proceedings. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.