■ In the Matter of the Estate of ROSE B. KUMSTAR, Deceased. PETER H. HARP, Appellant; HENRY BRUCKERT, Respondent. — In a contested probate proceeding, the proponent of the purported will of the deceased Rose B. Kumstar, dated September 1, 1982 appeals from a decree of the Surrogate's Court, Orange County (Green, J.), dated January 5, 1984, which, after a jury trial, *inter alia,* denied probate to the purported will.

Decree affirmed, with costs payable by appellant personally.

The evidence on the record was sufficient to raise a jury question as to the issues of incompetence and undue influence, and there is no reason to disturb the jury's findings. We have considered appellant's other arguments and find them to be without merit. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.

■ In the Matter of the Estate of ELLEN P. LAFLIN, Deceased. IRVING D. GOODSTEIN, Appellant; JOHN C. LAFLIN, Respondent. — In a proceeding for the judicial settlement of the account of the executors of a decedent's estate, the appeal is from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated April 20, 1984, which granted the objectant's motion pursuant to CPLR 3101 (subd [a], par [4]) and CPLR 3107 to direct a nonparty witness to appear at the Surrogate's Court for an examination before trial.

Order affirmed with costs, payable by appellant.

The showing by objectant's counsel that he needed the witness' pretrial deposition in order to prepare fully for trial suffices as a "special circumstance" pursuant to CPLR 3101 (subd [a], par [4]) (see *Wiseman v American Motors Sales Corp.,* 103 AD2d 230; *Gersten v New York Hosp.,* 81 AD2d 632; *Kelly v Shafiroff,* 80 AD2d 601). Accordingly, the Surrogate's Court properly exercised its discretion in granting the objectant's motion and directing the nonparty witness to appear for an examination before trial. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.