■ ROCHDALE VILLAGE, INC., Appellant, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Respondents. (Matter No. 1.) ROCHDALE VILLAGE, INC., Respondent, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Appellants. (Matter No. 2.) ROCHDALE VILLAGE, INC., Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants.

(Matter of No. 3.)—In an action for a judgment declaring that certain real property qualifies for a partial real estate tax exemption pursuant to Private Housing Finance Law § 33, and two proceedings pursuant to RPTL article 7 challenging the assessment of certain real property as excessive for the 1985/1986 and 1986/1987 tax years, (1) Rochdale Village, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated June 16, 1988, which, *inter alia,* granted that branch of the defendants' cross motion which was to dismiss the action upon the ground that the plaintiff's exclusive statutory remedy is a proceeding pursuant to RPTL article 7 (matter No. 1), (2) the Finance Administrator and the Tax Commission of the City of New York appeal from an order and judgment (one paper), of the same court, dated June 16, 1988, which, *inter alia,* granted the petitioner's motion for summary judgment, *inter alia,* to compel correction of the 1985/1986 assessment roll (matter No. 2), and (3) the Finance Administrator and the Tax Commission of the City of New York appeal from an order and judgment (one paper), of the same court, dated June 16, 1988, which, *inter alia,* granted the petitioner's motion for summary judgment, *inter alia,* to compel correction of the 1986/1987 assessment roll (matter No. 3).

Ordered that the order and judgment (matter No. 1), dated June 16, 1988, is affirmed, with costs; and it is further,

Ordered that the order and judgment (matter No. 2), dated June 16, 1988, is affirmed, without costs or disbursements; and it is further,

Ordered the order and judgment (matter No. 3), dated June 16, 1988, is affirmed, without costs or disbursements.

The plaintiff-petitioner in these three consolidated appeals is Rochdale Village, Inc. (hereinafter Rochdale), a limited-profit housing corporation which owns and operates a low income cooperative development in Queens. The Rochdale development was constructed between 1962 and 1966 on the site of the former Jamaica Race Track. The development is comprised of 18 tax lots. The largest of these lots is a 143-acre parcel upon which 20 high rise apartment buildings and two shopping centers have been constructed. A second lot is the site of a power plant which provides electricity to the residential and commercial areas of the project. The remaining 16 parcels are vacant wilderness areas which are situated at various locations throughout the Rochdale community. These 16 lots were previously the location of several of the Jamaica Race Track's outbuildings, including stables, which were razed

when Rochdale acquired the property. According to Rochdale, the 16 lots are undeveloped and unused, and there is no access to them because they are located on "paper" streets. City records indicate that the 16 vacant parcels have a combined total land area of 420,330 square feet, and that the total annual assessed valuation of the parcels was $483,200 for each tax year between 1984/1985 and 1986/1987. Although a resolution of the Board of Estimate of the City of New York, dated October 28, 1971, granted the Rochdale project the maximum real estate tax exemption permissible under Private Housing Finance Law § 33 (1) excluding only the business and commercial areas of the project, the city's Finance Administrator has continually assessed and taxed the 16 vacant lots.

Prior litigation contesting the imposition of assessments against the 16 vacant lots and the city's refusal to partially exempt these parcels from taxation pursuant to the 1971 Board of Estimate resolution was settled for all claims up through the 1983/1984 tax year. As part of the settlement, Rochdale agreed to forego its claims to exemptions for the vacant parcels up through the 1983/1984 tax year, but did not forego its right to challenge any future assessments against the subject property.

Rochdale thereafter commenced an action (matter No. 1) in 1984 for a judgment declaring the 16 vacant parcels exempt from real property taxes imposed by the City of New York pursuant to Private Housing Finance Law § 33 (1), and for a refund of taxes paid on the 16 parcels for the 1984/1985 tax year. Rochdale subsequently commenced two proceedings (matters Nos. 2 and 3) pursuant to Real Property Tax Law article 7, respectively challenging the denial of real property tax exemptions for the 16 parcels for the 1985/1986 and 1986/1987 tax years. Rochdale later moved, *inter alia,* for summary judgment on the complaint and petitions, and the city defendants-respondents cross-moved for summary judgment, *inter alia,* dismissing the declaratory judgment action and the Real Property Tax Law article 7 proceedings. The Supreme Court granted that branch of the defendants-respondents' cross motion which was to dismiss the declaratory judgment action, but awarded summary judgment in favor of Rochdale with respect to the tax certiorari proceedings on the ground that the subject parcels qualified for partial real estate tax exemptions pursuant to the Private Housing Finance Law § 33 (1) (a) and the October 28, 1971, Board of Estimate resolution. We agree.

It is well established that a taxpayer's exclusive remedy to

redress the wrongful denial of a partial exemption is the commencement of a tax certiorari proceeding pursuant to the provisions of Real Property Tax Law article 7 *(see, Sikora Realty Corp. v City of New York,* 262 NY 312; *Stabile v Half Hollow Hills Cent. School Dist.,* 83 AD2d 945; *see also, Hewlett Assocs. v City of New York,* 57 NY2d 356, 364). Where only a partial exemption is claimed, the assessing officer has jurisdiction of the property in question, and collateral attack of his determination will not be permitted *(see, Dun & Bradstreet v City of New York,* 276 NY 198, 206; *Matter of Twenty First Point Co. v Town of Guilderland,* 101 AD2d 407; *Stabile v Half Hollow Hills Cent. School Dist., supra).* Since Rochdale's declaratory judgment action, in effect, challenged the city's refusal to grant the 16 vacant parcels the maximum exemption permitted under Private Housing Finance Law § 33 (1) (a), which authorizes only partial exemptions to limited profit housing corporations, and since Rochdale failed to timely pursue the remedies available to it pursuant to Real Property Tax Law article 7 for the 1984/1985 tax year, we agree with the Supreme Court that collateral attack of the 1984/1985 assessment should not be permitted *(see, Matter of Twenty First Point Co. v Town of Guilderland, supra; Stabile v Half Hollow Hills Cent. School Dist., supra; Cablevision Sys. Dev. Co. v Board of Assessors,* 69 AD2d 828, *affd* 49 NY2d 866).

However, we reject the contention of the city defendants-respondents that the Supreme Court erred in concluding that the vacant lots were entitled to share in the exemption granted by the Board of Estimate to Rochdale's noncommercial areas because they are not part of the project within the meaning of Private Housing Finance Law § 33 (1) (a) and § 12 (5). These statutory provisions are part of the "Limited-Profit Housing Companies Law" which recognizes that "there exists in municipalities in this state a seriously inadequate supply of safe and sanitary dwelling * * * accommodations for families and persons of low income" (Private Housing Finance Law § 11). Among the stated purposes of Private Housing Finance Law article 2 is to make provision "by which private free enterprise may be encouraged to invest in companies regulated by law as to rents, profits, dividends and disposition of their property" and for "the acquisition by such companies of real property required for such purposes and for public assistance to such companies by the granting of tax exemptions" (Private Housing Finance Law § 11). To this end, Private Housing Finance Law § 33 (1) (a) permits a local legislative body such as the New York City Board of Estimate to grant a

partial tax exemption to "the real property in a project". The term "project" is defined by Private Housing Finance Law § 12 (5) as "[a] specific work or improvement, *including* lands, buildings and improvements acquired, owned, constructed, rehabilitated, improved, managed or operated by a company providing dwelling accommodations". To narrowly construe these provisions as permitting a partial exemption only for those portions of a project's lands which are actually improved by dwelling accommodations as the city defendants-respondents urge, would thwart the settled purpose of the statute by denying Rochdale a partial exemption for property which it could have initially acquired in 1960 only with the approval of the Board of Estimate, and upon the issuance of a certificate from the State Commissioner of Housing that such acquisition was "necessary or convenient for the public purpose" served by the Limited-Profit Companies Laws (Public Housing Law former §§ 314, 316, repealed Mar. 1, 1962). Moreover, the October 28, 1971, Board of Estimate resolution evinces a clear intent to exclude only the project's commercial and business areas from the partial exemption permitted by Private Housing Finance Law § 33 (1) (a). Under these circumstances we conclude that the Supreme Court correctly concluded that the Board of Estimate was empowered to and did include the vacant lots within the partial exemption granted to the remainder of Rochdale's noncommercial property, and that summary judgment was properly granted in favor of the petitioner in both of the Real Property Tax Law article 7 proceedings. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.