CODY, INC., on its own behalf and on behalf of its Directors and Members, Plaintiffs,

v.

TOWN OF WOODBURY, et al., Defendants.

No. 97 CIV. 8615 CLB.

United States District Court, S.D. New York.

June 11, 1998.

Stephen Bergstein, Michael H. Sussman—Law Office, Goshen, NY, for plaintiff.

David Posner, McCabe & Mack, Poughkeepsie, NY, for defendant.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

█ Before this Court for decision is a motion by the remaining defendants, heard and fully submitted on June 5, 1998, to dismiss the complaint in this case alleging discriminatory administration of the property taxes in the Town of Woodbury for "lack of [subject matter] jurisdiction," pursuant to Rule 12(b)(1) F.R.Civ.P. Because the complaint is introduced by the allegation that "it arises under the Equal Protection Clause of the Fourteenth Amendment," it is absolutely clear that the Court has subject matter juris-

diction. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Accordingly, the Court will treat the motion as made under Rule 12(b)(6).

Familiarity with the Complaint, as amplified at the hearing on the motion, is assumed on the part of the reader. The only issue presented is whether the relief requested is barred by 28 U.S.C. § 1341, and this Court concludes that it is. Accordingly, the complaint fails to state a claim upon which relief can be granted.[1]

Plaintiffs allege that Cody, Inc. is a religious corporation owned by Hasidic Jews, and that as part of a plan to deny plaintiffs' directors and members the right to equal protection of the laws, the defendant Town of Woodbury and its assessors failed to exempt plaintiffs' properties from real property taxes as owned by a religious corporation and used for religious purposes. Such exemption is required by § 420-a and 420-b of the New York Real Property Tax Law.

The individual defendants are Tax Assessors for the Town of Woodbury serving respectively in 1994 and 1995 as to Mr. Taylor, and for 1996 and 1997 as to Mr. Ruscher. The County of Orange was originally sued here, but the Court dismissed the action without prejudice as to that defendant because Orange County has no responsibility for preparing the assessment roll of the Town of Woodbury.

The complaint alleges and the Court assumes that in about 1993, the corporate plaintiff purchased a 70 acre tract of real estate which had been previously subdivided into 25 separate parcels, each separately assessed. On one of these parcels the corporate plaintiff constructed, and now maintains, a house of worship. The Court was informed

---

1. Some reported decisions have suggested that because of § 1341, the district court is without jurisdiction to entertain such a case. See e.g. *First United Methodist Church of Syracuse v. City of Syracuse,* 489 F.Supp. 185, 188 (N.D.N.Y. 1980) and *Keleher v. New England Telephone & Telegraph Co.,* 947 F.2d 547, 548 (2d Cir.1991). This is not a proper analysis. Section 1341 by its terms requires the court to look at the case and to adjudicate whether a "plain speedy and efficient remedy" may be had in the state courts. This is a mixed question of fact and law. Thus

the "court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy." (*Bell v. Hood* at 681–82, 66 S.Ct. 773). Only after doing so may the court adjudicate whether the "plain speedy and efficient remedy" in fact exists and precludes any relief being granted by reason of § 1341. Then and only then may the court dismiss for failure to state a claim upon which relief may be granted, but not for want of subject matter jurisdiction.

at the hearing, without contradiction, that the Town had exempted from real property taxation the actual subdivided parcel or tax lot upon which the structure exists, and where the religious services are actually held. The assessors treated the balance of the property as vacant, and not used for religious purposes, thus subjecting it to taxation.

Section 420–a of the Real Property Tax Law reads in relevant part as follows:

§ 420–A Nonprofit Organizations; Mandatory Class

1(a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more such purposes either by the owning corporation or association, or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.

\*      \*      \*      \*      \*      \*

3. Such real property from which no revenue is derived shall be exempt though not in actual use therefor by reason of the absence of suitable buildings thereon if (a) the construction of such buildings or improvements is in progress or is in good faith contemplated by such corporation or association or (b) such real property is held by such corporation or association upon condition that the title thereto shall revert in case any building not intended and suitable for one or more such purposes shall be erected upon such premises or some part thereof.

Consistent with New York law, the assessor may, in his or her judgment determine what tax parcels are being used for an exempt purpose under § 420–a1(a); what tax parcels are exempt because of contemplated use under § 420–a3, and what parcels are vacant, not used, and for which an exempt use is not in progress, or in good faith contemplation.

Exempt property owners dissatisfied with the initial determination of the assessor as to valuation or exemption may review such determination on the merits in the New York State Supreme Court by a special proceeding under Article 7 of the New York Real Property Tax Law, § 700 et seq. This is commonly done. See, e.g. *Chautauqua Institution v. Town of Chautauqua* 35 A.D.2d 1, 312 N.Y.S.2d 364 (4th Dept.1970) *appeal denied,* by *Chautauqua Institution v. Anderson,* 27 N.Y.2d 485, 315 N.Y.S.2d 1025, 263 N.E.2d 563 (N.Y.) (TABLE), affirming holding of the trial court that parts of the properties on Lake Chautauqua used by the internationally known Chautauqua Institution were exempt under § 420–a1(a), parts were partially exempt and some parts such as the Refectory, Golf Course, Boat House and Diner were fully taxable; *Assembly of God, Inc. v. Lynch,* 113 A.D.2d 1016, 494 N.Y.S.2d 571 (4th Dept.1985) (vacant lots owned by church held taxable); *Hapletah v. Town of Fallsburg,* 79 N.Y.2d 244, 582 N.Y.S.2d 54, 590 N.E.2d 1182 (1992) (entire parcel used by a religious summer camp held exempt including ten acres of woods and incidental residential facilities); *Greater New York Corporation of Seventh–Day Adventists v. Town of Dover,* 29 A.D.2d 861, 288 N.Y.S.2d 334 (2d Dept.1968) (entire parcel of 200 acres (Camp Berkshire) held exempt as a spiritual retreat, including golf course). Furthermore, since taxing property which should be exempt is illegal, as contrasted with an excessive valuation, an owner so aggrieved is not limited to an Article 7 Proceeding, but may seek relief in the New York Courts by declaratory judgment or equity suit. *Long Island University v. Board of Assessors,* 105 A.D.2d 747, 481 N.Y.S.2d 400 (2d Dept.1984).

This litigation implicates 28 U.S.C. § 1341, which reads as follows:

§ 1341. Taxes by States

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Whether New York provides a "plain, speedy and efficient remedy" by means of Article 7 of the N.Y.R.P.T.L. might be open

to question. Most such cases address valuation rather than exemption. Calendars are congested and procedural niceties abound. Most cases are resolved by settlement rather than a judgment on the merits following trial. The impasse for taxpayers in obtaining relief in the tax assessment cases, which is not in fact speedy and efficient, is demonstrated by stark statistics issued by the New York State Unified Court System. In 1996, 1997 and the first five terms of court in 1998, in the entire 9th Judicial District, which comprises five of the six counties served by the federal court in White Plains, only thirty-six Article 7 cases were tried to final judgment. In Orange county, where plaintiff's property lies, there were no such cases tried to judgment during this period. These figures contrast with 6,331 new notes of issue in such cases for the 9th District during the same period, of which 467 were filed in Orange county. While such statistics are, of course, subject to conflicting interpretations, it does seem that the remedy is not in fact speedy and efficient, and those unwilling or unable to negotiate settlements must simply wait.

Be that as it may, in this Circuit availability of an Article 7 Proceeding is adequate as a matter of law to satisfy the statutory prerequisite to invoke § 1341, quoted above. *Long Island Lighting Co. v. Town of Brookhaven,* 889 F.2d 428, 431 (2d Cir.1989).[2]

For the reasons stated, the complaint as amplified at the hearing on the motion fails to state a claim on which relief may be granted. It is dismissed. The Clerk shall file a final judgment.

SO ORDERED.

---

**2.** That same case holds that an action for money damages in federal court is barred under principles of comity, citing *Fair Assessment in Real Estate Assoc. v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). See also *Bernard v. Village of Spring Valley, N.Y.,* 30 F.3d 294. (2d Cir.1994)