■ COUNTY OF SUFFOLK et al., Respondents, v GRUMMAN AEROSPACE CORPORATION et al., Appellants. [715 NYS2d 717] —In an action, *inter alia,* for a judgment declaring that the defendants are liable for real property taxes on the subject premises for the 1995-1996 tax year, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), entered August 6, 1999, which denied their motion for

summary judgment dismissing the complaint and granted the plaintiffs' cross motion for summary judgment, and (2) a judgment of the same court, entered November 3, 1999, which, *inter alia*, declared that the defendants are liable for the subject taxes and is in favor of the plaintiffs and against them in the principal sum of $1,448,022.46.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Beginning in 1954 and continuing through the 1995-1996 tax year, the defendants Grumman Aerospace Corporation and Northrop Grumman Corporation (hereinafter collectively Grumman) leased a facility in the Calverton area of Riverhead (hereinafter the Calverton facility) from the United States Government. The successive lease agreements included provisions giving Grumman a right of first refusal to purchase the Calverton facility. In 1957, the Court of Appeals determined that under the Real Property Tax Law, Grumman's right of first refusal to purchase the Calverton facility did not constitute an equitable ownership of the premises making it liable for the payment of real property taxes (*see, Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors,* 2 NY2d 500, *cert denied* 355 US 814). Several months later, the Legislature enacted RPTL 402, for the specific purpose of permitting local municipalities to levy real property taxes when an entity had a right of first refusal to purchase property from the United States Government (*see,* Governor's Mem approving L 1957, ch 933, 1957 McKinney's Session Laws of NY, at 1888). Grumman paid real property taxes for the Calverton facility until the 1995-1996 tax year.

On or about May 24, 1995, Grumman notified the United States Government that it was waiving its right of first refusal to purchase the Calverton facility. At the same time Grumman informed the Town of Riverhead that it would not pay any additional real property taxes. The County of Suffolk and Town of Riverhead then commenced this action for a judgment declaring Grumman liable for real property taxes for 1995-1996.

The Supreme Court properly concluded that the letter sent

to the United States Government did not alter Grumman's rights under the lease. Accordingly, the Supreme Court properly held that the determination of Grumman's taxable status was based upon its enjoyment of the right of first refusal as of March 1, 1995, the tax status date in Suffolk County for the 1995-1996 tax year (*see, Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist.,* 88 NY2d 503, 510).

Grumman's challenge to the description of the Calverton facility in the assessment roll is, in effect, a claim that it was improperly denied a partial exemption. Having failed to bring a certiorari proceeding to challenge this denial, Grumman cannot now raise it as a defense in this declaratory judgment action (*see, Sikora Realty Corp. v City of New York,* 262 NY 312; *Long Is. Univ. v Board of Assessors,* 105 AD2d 747).

Finally, contrary to Grumman's contention, the unpaid real property taxes constitute a tax lien (*see,* Suffolk County Tax Act § 13 [b]). Therefore, its challenge to the Supreme Court's calculation of penalties and interest on the judgment is without basis. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.