**In re: CODY, INC., Debtor.**

**Cody, Inc., Debtor–Appellant,**

v.

**County of Orange and Town of Woodbury, Defendants–Appellees.**

**Docket No. 02–5047.**

United States Court of Appeals, Second Circuit.

Argued: March 3, 2003.

Supplemental Briefing Completed: May 15, 2003.

Decided: Aug. 4, 2003.

Mary Lou Chatterton, New York, NY (Joseph J. Haspel, Goshen, NY, on the brief), for Debtor–Appellant Cody, Inc.

Matthew J. Nothnagle, Senior Assistant County Attorney (Catherine M. Bartlett, County Attorney for the County of Orange, on the brief), Goshen, NY, for Defendant–Appellee County of Orange.

David D. Hagstrom, Van de Water & Van de Water, LLP, Poughkeepsie, NY, for Defendant–Appellee Town of Woodbury.

Before: POOLER and B.D. PARKER, JR., Circuit Judges, and HALL, District Judge.*

B.D. PARKER, JR., Circuit Judge.

██ Debtor-appellant Cody, Inc. appeals from a judgment of the United States District Court for the Southern District of New York (Colleen M. McMahon, *Judge*) affirming a judgment of the Bankruptcy Court (Adlai S. Hardin, Jr., *Judge*). Cody initiated an adversary proceeding, seeking a determination that certain par-

---

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

cels of real property it owned in the Town of Woodbury and the County of Orange in New York were exempt from taxation in the years 1993–2001. The Bankruptcy Court "abstain[ed] from determining [Cody's] tax liability under 11 U.S.C. § 505(a)(1) and abstain[ed] from and decline[d] jurisdiction under 28 U.S.C. § 1334(c)(1)."[1] (Order Dismissing Adversary Proceeding, Feb. 11, 2002, at 4.) Cody appealed to the District Court. The District Court determined that, under the *Rooker–Feldman* doctrine,[2] the Bankruptcy Court lacked jurisdiction over the adversary proceeding with respect to tax year 1994, an issue that the Bankruptcy Court had not reached. The District Court assumed that the Bankruptcy Court had jurisdiction over the remaining tax years and concluded that it had not abused its discretion in abstaining, under either 28 U.S.C. § 1334(c)(1) or 11 U.S.C. § 505(a)(1). The District Court affirmed the decision of the Bankruptcy Court. Cody appealed. We affirm, on jurisdictional grounds, the District Court's dismissal of Cody's claim insofar as it concerns tax years 1994 and 2001 because Cody had contested these tax years before a competent state tribunal before filing its bankruptcy petition. *See* 11 U.S.C. § 505(a)(2)(A). Because § 1334(d) expressly makes decisions to abstain under § 1334(c) "not reviewable by appeal or otherwise by the court of appeals," we dismiss the appeal insofar as it concerns tax years 1995 and 1998.

## BACKGROUND

Since 1994, Cody has owned several parcels of real property in the Town of Woodbury in Orange County. The County has levied real property taxes on these parcels, which Cody has not paid since 1995 and which continue to be due and owing. Cody argues that the parcels are tax exempt because it is a religious corporation and uses the land exclusively for religious and educational purposes. *See* N.Y. Real Prop. Tax Law § 420–a[1](a) (McKinney 2000).

Cody has litigated the tax-exempt status of its property for the tax years 1994–2001 in a number of different forums. Cody has applied for exemptions from the Town Assessor and filed tax grievance complaints with the Town Board of Assessment Review (the "BAR") for the tax years 1994, 1996, 1997, 2000, and 2001, all of which were denied after a hearing pursuant to New York Real Property Tax Law § 525. Cody filed tax certiorari petitions under Article 7 of the New York Real Property Tax Law in Supreme Court, Orange County, for the tax years 1994,

---

**1.** Section 505(a)(1) provides, "Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." We have "interpret[ed] the verb 'may' in 11 U.S.C. § 505(a)(1) as vesting the bankruptcy court with discretionary authority to redetermine a debtor's taxes." *New Haven Projects Ltd. Liability Co. v. City of New Haven (In re New Haven Projects Ltd. Liability Co.)*, 225 F.3d 283, 288 (2d Cir.2000).

Section 1334(c)(1) provides, "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to cases under title 11."

**2.** *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

1996, 1997, 1999, and 2000. The 1994 tax certiorari proceeding was dismissed in September 1999 because Cody had failed to file a note of issue within four years of commencing the action. *See* N.Y. Real Prop. Tax Law § 718[1] (McKinney 2000). The tax certiorari proceedings for 1996, 1997, 1999, and 2000 were still pending when Cody filed a petition under Chapter 11 of the Bankruptcy Code in July 2001.

In November 1997, Cody filed a complaint in the Southern District of New York alleging that the Town Assessor's failure to grant it tax-exempt status violated the First and Fourteenth Amendments. The district court dismissed the complaint pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, because Cody could have obtained review of the Assessor's decision under an adequate state-law procedure. *Cody, Inc. v. Town of Woodbury*, 8 F.Supp.2d 340, 343 (S.D.N.Y.1998).

In October 2000, the County petitioned in Supreme Court, Orange County, to foreclose on certain parcels for which the taxes were delinquent. Cody answered, asserting that the parcels were exempt from taxation because it was a religious corporation using the land exclusively for religious and educational purposes. The County moved for an order striking Cody's answer and directing foreclosure. At Cody's request, the hearing on the motion was postponed.

Before the hearing date, Cody filed its Chapter 11 petition and commenced an adversary proceeding against the County and the Town seeking "a determination pursuant to 11 U.S.C. § 505(a) of the nature and extent of liens with respect to the Debtor's real property, including real estate taxes assessed against its property." (Compl.¶ 2.) Cody moved for summary judgment on the basis of its alleged tax-exempt status. The County disputed that the parcels had been used exclusively for tax-exempt purposes, contending that Cody used them to provide loan and check-cashing services and that thousands of dollars generated by the property were paid to Cody's officers. Cross-moving for summary judgment, the Town contended that the BAR's denial of Cody's written grievance complaints for tax years 1994, 1996, 1997, 2000, and 2001 deprived the Bankruptcy Court of jurisdiction under 11 U.S.C. § 505(a)(2) for those years. The Town also sought abstention under (1) the Tax Injunction Act, 28 U.S.C. § 1341, because tax certiorari petitions for 1996, 1997, 1999, and 2000 were pending in New York state court; and (2) 11 U.S.C. § 505(a)(1) because the primary benefit of the adversary proceeding would inure to Cody, whose largest unsecured creditors were insiders, *see New Haven Projects Ltd. Liability Co.*, 225 F.3d at 290.

The Bankruptcy Court declined to decide whether it had jurisdiction over the proceeding, determining that, if it had jurisdiction, it would abstain from exercising it. It then abstained under 11 U.S.C. § 505(a)(1) and 28 U.S.C. § 1334(c)(1) and dismissed the adversary proceeding, concluding that New York law provided procedures for a taxpayer to challenge the imposition of real estate taxes. The court determined that Cody had had ample opportunity to invoke these procedures and had done so in varying degrees, and that the parties' dispute was "of a quintessential state law character." (Order Dismissing Adversary Proceeding, Feb. 11, 2002, at 3.) Cody appealed to the District Court, but only insofar as tax years 1994, 1995, 1998, and 2001 were concerned.[3]

---

**3.** Cody did not appeal the Bankruptcy Court's decision with respect to tax years 1996, 1997, 1999, and 2000, for which tax certiorari proceedings were pending in Supreme Court,

The District Court held that the *Rooker–Feldman* doctrine deprived the federal courts of jurisdiction over Cody's claims regarding tax year 1994, for which Cody's state-court tax certiorari proceeding had been dismissed for failure to file a note of issue. The court noted that, if Cody's use of the parcels did not change after 1994, then Cody's claims regarding tax years 1995, 1998, and 2001 may be inextricably intertwined with the judgment in the certiorari proceeding for 1994, depriving the federal courts of jurisdiction over 1995, 1998, and 2001 as well. The court concluded, however, that it could not make such an assessment on the record before it, and proceeded to review the Bankruptcy Court's abstention decision.

The District Court held that the Bankruptcy Court had properly abstained under 28 U.S.C. § 1334(c)(1). The District Court also concluded, in the alternative, that the Bankruptcy Court "had the discretion to abstain under 11 U.S.C. § 505(a)(1)," *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 281 B.R. 182, 192 (S.D.N.Y.2002), even though the Bankruptcy Court had not relied on that section. Cody appealed.

We conclude that, under 11 U.S.C. § 505(a)(2)(A), the District Court lacked jurisdiction over Cody's claims regarding tax years 1994 and 2001. We therefore affirm the dismissal of Cody's adversary proceeding with respect to those years. We also conclude that, under 28 U.S.C. § 1334(d), we lack appellate jurisdiction to review the Bankruptcy Court's abstention decision. Accordingly, we dismiss the appeal insofar as it concerns the tax years over which the Bankruptcy Court had jurisdiction, 1995 and 1998.

Orange County. Therefore, we do not review the Bankruptcy Court's decision with respect

## DISCUSSION

### I. Standard of Review

■ "The district court's order affirming the bankruptcy court is subject to plenary review. This court reviews conclusions of law de novo, and findings of fact under a clearly erroneous standard." *Tudisco v. United States (In re Tudisco)*, 183 F.3d 133, 136 (2d Cir.1999) (internal citation and quotation marks omitted); *see also Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 116–17 (2d Cir.2003).

### II. Subject Matter Jurisdiction

■ The District Court was correct to address the jurisdictional issue before reviewing the Bankruptcy Court's abstention decision. As the District Court properly noted, "a court that lacks jurisdiction over a matter cannot 'abstain' from deciding that matter." *Cody*, 281 B.R. at 189. Thus, we turn first to the question of the Bankruptcy Court's jurisdiction over Cody's § 505 claims.

The defendants make two separate jurisdictional arguments. First, the Town and the County argue that, as the District Court determined, the *Rooker–Feldman* doctrine deprives the federal courts of jurisdiction over Cody's claims regarding tax year 1994 because of the state court's dismissal of the certiorari proceeding that addressed that year. Second, the Town argues that 11 U.S.C. § 505(a)(2)(A) deprives the federal courts of jurisdiction over the tax years 1994 and 2001 because the tax-exempt status of the parcels at issue was contested before, and adjudicated by, the BAR with respect to those years. Because we conclude that the

to those years.

Bankruptcy Court lacked jurisdiction over 1994 and 2001 under § 505(a)(2)(A), we need not address the applicability of the *Rooker–Feldman* doctrine.

▇▇ We begin our jurisdictional analysis by looking to § 505(a), which provides:

(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine-

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title . . . .

11 U.S.C. § 505(a). Thus, if, before Cody filed under Chapter 11, its tax liability for 1994 and 2001 was contested before, and adjudicated by, a competent tribunal, then the Bankruptcy Court lacked jurisdiction over Cody's 1994 and 2001 tax liability.

As noted above, the BAR denied Cody's grievances for both 1994 and 2001, and the Supreme Court, Orange County dismissed Cody's tax certiorari petition for 1994. Defendants argue that these actions deprive the federal courts of jurisdiction, under § 505(a)(2)(A), over Cody's claims regarding 1994 and 2001. Cody raises two objections: (1) in light of the BAR's streamlined procedures, Cody's tax liability was not really "adjudicated" in the BAR actions, and (2) its tax liability for 1994

was not contested in the Supreme Court action because the judgment was entered, essentially, on default. We reject both of these arguments.

Since it is undisputed that the BAR proceedings were completed before Cody commenced the Chapter 11 action, the only question is whether the BAR's procedures are adequate to constitute "adjudication," and thereby foreclose review in the Bankruptcy Court under § 505(a)(2)(A).[4] Cody argues that the BAR did not adjudicate its 1994 and 2001 claims because it did not hold evidentiary hearings and because decisions of the BAR are subject to *de novo* review in the New York courts. Both of these contentions lack merit.

First, the BAR is authorized to receive both live testimony and documentary evidence. The BAR "may administer oaths, take testimony and hear proofs in regard to any complaint and the assessment to which it relates." N.Y. Real Prop. Tax Law § 525[2](a) (McKinney 2000). It also "may require the person whose real property is assessed, . . . or any other person, to appear before the board and be examined . . ., and to produce any papers relating to such assessment." *Id.* As Cody acknowledges, in a proceeding before the BAR "the taxpayer may appear in person to note his objections, or rely upon a written complaint." (Appellant's Reply Br. at 6.) The BAR apparently was satisfied that it could resolve Cody's claims on the paper record that the parties had submitted (a fact that Cody, having moved for summary judgment before trial in the Bankruptcy Court, apparently does not dispute), and Cody does not argue that it requested any additional hearing. Cody's claims, therefore, were adjudicated by the BAR. *See*

---

**4.** Cody does not dispute the BAR's status as an "administrative tribunal of competent jurisdiction" within the meaning of § 505(a)(2)(A), and we have no reason to

doubt the BAR's satisfaction of that requirement. *See In re Onondaga Plaza Maint. Co.,* 206 B.R. 653, 656 (Bankr.N.D.N.Y.1997).

*Baker v. Internal Revenue Serv. (In re Baker),* 74 F.3d 906, 909 (9th Cir.1996) (per curiam) ("A case not tried on the merits can nonetheless be 'adjudicated' within the meaning of [§ 505(a)(2)(A) ]."); *City Vending of Muskogee, Inc. v. Okla. Tax Com'n,* 898 F.2d 122, 125 (10th Cir. 1990).

Second, it is irrelevant that decisions of the BAR are reviewed *de novo* in New York courts. As an initial matter, since Cody's principal complaint is that the BAR's procedures are insufficient to afford litigants due process, it is hard to see why Cody would complain that parties who are aggrieved by BAR decisions are entitled to *de novo* review. Cody seems to be arguing that it was entitled both to too little and to too much process. Regardless, the fact that the decision of an administrative tribunal may be reviewed *de novo* hardly means that the decision did not constitute an adjudication. *See, e.g., Tex. Comptroller of Pub. Accounts v. Trans State Outdoor Adver. Co. (In re Trans State Outdoor Adver. Co.),* 140 F.3d 618, 621–22 (5th Cir.1998) (holding that § 505(a)(2)(A) deprives bankruptcy court of jurisdiction over matter decided by administrative agency whose decision was subject to *de novo* review in state court); *In re R.R. St. P'ship,* 255 B.R. 644, 647 (Bankr.N.D.N.Y. 2000) ("The fact that the determination of the Assessment Board is subject to further review by the State Court does not alter the fact that the Debtor had a fair and full opportunity to present its case to the Assessment Board and that an adjudication was made by a tribunal of competent jurisdiction."). Cody has not cited, and we have not found, any authority establishing that an administrative proceeding fails to constitute an adjudication simply because the decision is subject to *de novo* review. Accordingly, we conclude that the Bankruptcy Court lacked jurisdiction, under § 505(a)(2)(A), to consider Cody's claims regarding tax years 1994 and 2001.[5]

## III. Appellate Jurisdiction

 The remaining question is whether the District Court correctly concluded that the Bankruptcy Court properly abstained from resolving Cody's claims regarding 1995 and 1998.[6] Before reaching the merits of this issue, however, we must determine whether we have jurisdiction to resolve it, a question that we raise *nostra*

---

**5.** The Supreme Court, Orange County's dismissal of Cody's certiorari petition regarding 1994 also deprives the District Court of jurisdiction of Cody's claims regarding that year, as Cody's tax liability for 1994 was adjudicated by and contested before the Supreme Court before the commencement of the Chapter 11 case. The Supreme Court dismissed Cody's petition after Cody failed to file a note of issue within four years, as required by New York Real Property Tax Law § 718[1]. Section 718[1] provides that such a dismissal "shall constitute a final adjudication of all issues raised in the proceeding." Cody's claims also were contested in the Supreme Court. We need not decide whether claims resolved by default judgments can be deemed contested under § 505(a)(2)(A), as the Supreme Court judgment was not entered on default. Not only did Cody appear in the Supreme Court action; Cody initiated that action. We have no trouble concluding that Cody's 1994 tax liability was contested in the Supreme Court for purposes of § 505(a)(2)(A). *Cf. Baker,* 74 F.3d at 909 ("According to § 505(a)(2)'s legislative history, a proceeding is contested if, prior to the bankruptcy filing, the debtor had filed a petition in the Tax Court and the IRS had filed an answer.").

**6.** In deciding to abstain, the Bankruptcy Court did not distinguish among the various tax years at issue (1994–2001). Cody has not appealed the dismissal of its claims regarding 1996, 1997, 1999, and 2000, however, and we now hold that the Bankruptcy Court lacked jurisdiction over Cody's claims regarding 1994 and 2001. The only remaining years are 1995 and 1998.

*sponte.*[7] *See, e.g., Goldberg v. Cablevision Sys. Corp.,* 261 F.3d 318, 323 (2d Cir.2001). Cody has asserted that our appellate jurisdiction derives from 28 U.S.C. §§ 158(d) and 1291, and we are aware of no other provision that might endow us with jurisdiction. Cody also acknowledges that "the Bankruptcy Court abstained pursuant to ... § 1334(c)(1)." (Appellant's Br. at 21.) But § 1334(d) deprives us of jurisdiction to review a bankruptcy court's decision to abstain under § 1334(c)(1):

> Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title . . . .

28 U.S.C. § 1334(d).

Despite the clear language of § 1334(d), Cody argues that appellate jurisdiction exists because the Bankruptcy Court erred in applying the general abstention standard of § 1334(c)(1) rather than the more specific standard of 11 U.S.C. § 505(a)(1), and § 505(a)(1) abstention decisions are reviewable in the courts of appeals. *See, e.g., New Haven Projects Ltd. Liability Co. v. City of New Haven (In re New Haven Projects Ltd. Liability Co.),* 225 F.3d 283, 288 (2d Cir.2000). Cody's argument, however, assumes its conclusion: unless we have jurisdiction, we cannot determine whether the Bankruptcy Court applied the correct standard.[8] In ascertaining whether § 1334(d) deprives us of jurisdiction, we inquire whether the Bankruptcy Court abstained under § 1334(c)(1), not whether it did so correctly. The order that the Bankruptcy Court issued in dismissing Cody's adversary proceeding clearly answers this question in the affirmative: "NOW THEREFORE, it is hereby ORDERED, that upon the defendants' motion, the Court abstains from determining plaintiff's tax liability under 11 U.S.C. § 505(a)(1) and abstains from and declines jurisdiction under 28 U.S.C. § 1334(c)(1)." (Order Dismissing Adversary Proceeding, Feb. 11, 2002, at 4.) Accordingly, we lack jurisdiction to review the Bankruptcy Court's abstention decision.

## CONCLUSION

For these reasons, we affirm the judgment of the District Court with respect to tax years 1994 and 2001, and we dismiss

---

**7.** Following oral argument, we asked the parties to submit letter briefs addressing the impact of § 1334(d) on our jurisdiction.

**8.** Nor do we assume that Cody's argument is correct. Although we need not reach the issue here, it is arguable that a bankruptcy court can abstain pursuant to either § 505 or § 1334(c) in a matter over which it has jurisdiction under § 505. Section 1334 is a global bankruptcy provision granting the district courts jurisdiction over all bankruptcy court matters. Therefore, as long as there is no "positive repugnancy" between § 1334 and § 505, the lower courts may rely on either statute in making abstention decisions. *See Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citation and quotation marks omitted); *see generally Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 128–29, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding that 28 U.S.C. § 1447(d) barred review of remand order, irrespective of whether initial removal took place under 28 U.S.C. § 1441(a), the general removal statute, or 28 U.S.C. § 1452(a), the bankruptcy removal statute); *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 332 F.3d 116, 129 (2d Cir.2003) (holding that ambiguity as to whether district court's remand order was based on specific remand provision of Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f)(3)(D), or on general remand statute, 28 U.S.C. § 1441(c), was inconsequential, as provision governing remand orders in general, 28 U.S.C. § 1447(d), prohibited appellate review in either case).

the appeal with respect to tax years 1995 and 1998.